■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN MAJETTE, Respondent. [621 NYS2d 848] —Order, Supreme Court, Bronx County (Joseph Fisch, J.), entered on or about July 19, 1993, which dismissed the indictment pursuant to CPL 30.30, unanimously affirmed.

Defendant's motion to dismiss on speedy trial grounds was properly granted. The nine days from September 23 to October 16, 1992 and the three days from October 16 to 19, 1992 were properly included because the People did nothing to declare the resumption of their readiness until October 19 *(People v Smith,* 82 NY2d 676).

The People's arguments for excludability of certain other periods of post-readiness delay are unpreserved and therefore not cognizable on appeal *(People v Mace,* 206 AD2d 296, 297-298). Specifically, the People failed to preserve their claim that the 14 days from February 19 to March 4, 1992 were excludable because of defendant's consent and because of their prior statements of readiness; their claim that the 28 days during which the court stayed a bench warrant were excludable *(see, People v Medina,* 198 AD2d 146, *lv denied* 83 NY2d 807) notwithstanding the fact that the court acted *sua sponte* and in defense counsel's absence *(compare, People v Toro,* 151 AD2d 142, *lv dismissed* 75 NY2d 818, *with People v Liotta,* 79 NY2d 841, 843); and their claim that the 16 days from May 4 to 20, 1992 were excludable because they were entitled to that time to reestablish their readiness following defendant's return on a bench warrant *(see, People v Muhanimac,* 181 AD2d 464, 465-466, *lv denied* 79 NY2d 1052). Due to the lack of preservation with respect to these three time periods, we do not disturb the court's finding that each of these periods was includable.

Since the People had 183 days in which to be ready, and since they concede that 151 other days of pre- and post-readiness delay were properly included, and since the above-discussed periods of includability put the People well over the limit, it is unnecessary to decide whether other disputed periods were properly included. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.