■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BAILEY, Respondent. [634 NYS2d 105] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered September 14, 1994, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law, and the indictment reinstated.

The motion court's conclusion that 269 days were chargeable to the People was error. Ninety-nine of the days charged result from three adjournments, May 26 to June 30, 1993, September 29 to October 27, 1993, and October 27 to December 8, 1993, where, notwithstanding the People's specific request in each instance for an adjournment of only two days, the court granted the defense request for a lengthier adjournment, 35, 28 and 42 days, respectively, and charged it entirely to the People. This was contrary to our holdings in *People ex rel. Sykes v Mitchell* (184 AD2d 466) and *People v Urraea* (214 AD2d 378). In those cases, we held that once the People answer ready for trial, as they did here on October 27, 1992, their subsequent adjournment requests are chargeable to them only for the actual period they requested (*see, People v Betancourt*, 217 AD2d 462).

The 14 day adjournment of August 25 to September 8, 1993 also should not have been charged to the People. The People made representations to the motion court, based upon information provided by correction officials, that this adjournment was the result of defendant's hospitalization for an eye injury. The defense confirmed the accuracy of those representations. The representations constituted sufficient proof of defendant's medical unavailability and the People were not obligated to prove it by other means (*see, People v Poole*, 48 NY2d 144, 149 [a

prosecutor's representation as an officer of the court is sufficient to determine whether prior statements of a witness exist]; *People v Celestino*, 201 AD2d 91, 95 [where prosecution asserted that their witness had a broken leg, the assertion was sufficient to excuse delay without further proof of the witness' medical unavailability]). Periods during which a defendant is hospitalized are excludable (*People v Toro*, 151 AD2d 142, 143, *lv dismissed without opn* 75 NY2d 818; *People v Melendez*, 182 AD2d 644, 645, *lv denied* 81 NY2d 791), and the motion court cited no compelling basis for finding otherwise in this instance.

Finally, the period November 18, 1992 to January 20, 1993 should not have been charged to the People. Not only did the defense fail to contest the People's readiness as to this 63 day period, waiving any claim with respect thereto (*see, People v Vidal*, 180 AD2d 447, 449, *lv denied* 80 NY2d 839), but the People asserted such readiness in their papers opposing the CPL 30.30 motion, which was supported subsequently by the transcript of court proceedings (*see, People v Delgado*, 209 AD2d 218, 219, *lv denied* 84 NY2d 1030 [the People should not be charged with delay as to a particular adjournment where they assert readiness as to those dates in their motion papers and the assertion is subsequently supported in the court minutes]).

Consequently, we find that 176 of the 269 days which the motion court found chargeable to the People should have been excluded. The 93 day remainder is well within the 181 day period within which the People must answer ready in this instance pursuant to CPL 30.30, i.e., six months from September 23, 1992, the date on which the felony complaint was filed, plus any periods of excludable time, and mandates the relief granted. Concur—Rosenberger, J. P., Rubin, Kupferman and Williams, JJ.