■ The People of the State of New York, Respondent, v Edwin Rivera, Defendant-Appellant. [637 NYS2d 77] —Judgment, Supreme Court, Bronx County (Martin Marcus, J., at speedy trial motion; Ira Globerman, J., at trial), rendered August 31, 1993, convicting defendant, after a jury trial, of assault in the first degree, attempted robbery in the first degree and attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life on each conviction, unanimously affirmed.

The Supreme Court properly denied defendant's motion to dismiss the indictment on speedy trial grounds since the People announced their readiness for trial within six months or 181 days, plus any periods of excludable time (CPL 30.30 [1] [a]; [3] [b]; [4]; *People v Cortes*, 80 NY2d 201). Since defendant's challenge to some 120 days of delay is being raised for the first time on appeal, the issue has not been preserved for appellate review (*People v Luperon*, 85 NY2d 71, 77-78; *People v Majette*, 210 AD2d 145), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's contention with respect to this time period, as well as to other additional periods of delay, is without merit. The People are only chargeable with the time period beginning with defendant's arraignment, and not his arrest (*People v Sinistaj*, 67 NY2d 236, 239). Although defendant asserts that certain time periods in which the court adjourned the matter *sua sponte* should have been charged to the People where, as here, the People have already announced their readiness for trial, the period of delay due to the unavailability of the court is not chargeable to the People (*People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). Moreover, adjournments for more than the time period requested by the People are not chargeable to them in post-readiness cases (*People v Reid*, 214 AD2d 396, 397; *People v Urraea*, 214 AD2d 378).

Since defendant challenged the testimony of the arresting officer on the ground of improper bolstering, his present contention that the testimony constituted impermissible hearsay and violated his right of confrontation has not been preserved for this Court's review as a matter of law (CPL 470.05 [2]; *People v Qualls*, 55 NY2d 733, 734), and we decline to review it in the interest of justice. In any event, were we to review, we would find it without merit since the testimony served to provide relevant background information concerning defendant's arrest (*see, People v Morgan*, 193 AD2d 467, *lv denied* 81 NY2d 1077).

We have considered defendant's remaining contentions and find them without merit. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.