■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT McCRAY, Respondent. [656 NYS2d 353] —Appeal by the

People from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 16, 1996, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The People declared their readiness for trial on May 4, 1995, 30 days after the defendant's arrest on April 4, 1995. In connection with the defendant's later motion to dismiss the indictment pursuant to CPL 30.30, the defense counsel expressly conceded that "the period from May 4, 1995 thru [sic] August 10, 1995 is properly excludable".

On August 10, 1995, an attorney for the Department of Homeless Services made a motion to quash a subpoena which had been served by defense counsel. This motion was not decided until October 2, 1995.

On October 2, 1995, the People requested an adjournment to October 23, 1995. This request was apparently based on the fact that the Assistant District Attorney (hereinafter A.D.A.) assigned to the case was on trial in another Part. On October 23, 1995, a substitute A.D.A. requested a two-week adjournment, indicating that the assigned A.D.A. was still "on trial with a '91 homicide case [and that] other than that, * * * she's ready on this case". The court responded, "I'm adjourning it six months is what I'm going to do". Upon the People's initiative the case was rescheduled for trial on February 5, 1996. On February 5, the People repeated their readiness for trial.

In granting the defendant's subsequent motion to dismiss, the Supreme Court erred in charging the People with the period of time which elapsed between August 10, 1995, and October 2, 1995. This delay occurred during the pendency of a motion which, although not made by the defendant, comes within the ambit of CPL 30.30 (4) (a) (see, e.g., People v Batts, 227 AD2d 224 [time related to postreadiness defense-oriented motion charged to defendant]). Even assuming that the People would have been ill-prepared to try the case because the assigned prosecutor was on vacation during some or all of this period, the fact remains that as a practical matter, the case could not have been tried until resolution of the motion to quash, and thus the "motion time" exclusion of CPL 30.30 (4) (a) applies (see, People v Batts, supra; People v Knight, 163 AD2d 583; People v Chang, 160 AD2d 469 [motion time exclusion applied even where People unready due to nonproduction

of defendant]). The fact that the trial court later cited the assigned prosecutor's vacation as the real reason for this adjournment is also insufficient to defeat the operation of CPL 30.30 (4) (a) (*see, People v Douglas,* 209 AD2d 161). Even if it is true that the court *could* have decided the motion to quash on August 10, 1995, had the assigned prosecutor not been on vacation, it amounts to sheer speculation to say that the motion *would* have been decided so quickly, and, the fact remains, it was not decided until 53 days later. Also, the first 27 of these 53 days, that is, the period from August 10, 1995, to September 6, 1995, were properly excludable for the additional reason that they represented a reasonable period of time needed to accommodate the defense counsel's request for the production of a tape recording of a telephone call to 911 and other discovery (*see, People v Ali,* 195 AD2d 368; *People v Caussade,* 162 AD2d 4). This time should not be charged to the People.

Because we find that the 53 days which elapsed between August 10, 1995, and October 2, 1995, should have been charged to the defendant, rather than to the People, we conclude that the People are not chargeable with more than six months of combined prereadiness and postreadiness delay. We need not consider whether the People have correctly conceded that they were properly charged with the delay from October 23, 1995, to February 5, 1996, as a result of the court's decision to adjourn the case for six months in response to the People's request for a two-week adjournment (*but see, People v Williams,* 229 AD2d 603; *People v Rivera,* 223 AD2d 476; *People v Bailey,* 221 AD2d 296; *People v Reid,* 214 AD2d 396; *People v Urraea,* 214 AD2d 378; *People ex rel. Sykes v Mitchell,* 184 AD2d 466).

The defendant's remaining arguments are either unpreserved for appellate review (*see, People v Goode,* 87 NY2d 1045; *People v Luperon,* 85 NY2d 71; *People v Batts, supra*) or without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.