OPINION OF THE COURT
Eileen A. Rakower, J.
On June 30, 1998, defendants were arrested during a union construction protest held in midtown Manhattan. On July 1, 1998, defendants were arraigned on a felony complaint charging them with, inter alia, the felony of riot in the first degree (Penal Law § 240.06). The People subsequently filed a superseding misdemeanor information on April 19, 1999 — the most serious charge being an A misdemeanor. Defendants move to dismiss that information on speedy trial grounds pursuant to CPL 170.30 (1) (e) and 30.30. For the reasons stated herein, the defendants’ motion is granted.
Where a felony complaint is replaced with a new accusatory instrument charging a class A misdemeanor, the People must be ready for trial within 90 days from the filing of the new instrument or six months from the filing of the felony complaint — whichever is shorter. (CPL 30.30 [5] [c].)
Defendants argue that the People have failed to answer ready at any time during the pendency of the case and that the misdemeanor information was filed more than six months after the defendants were originally arraigned on the felony complaint. People concede both points but argue that no time is chargeable, pursuant to CPL 30.30 (4) (a) and (g).
CPL 30.30 (4) (a) and (g) provide that:
“In computing the time within which the people must be ready for trial * * * the following periods must be excluded:
“(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to * * * pre-trial motions * * * and the period during which such matters are under consideration by the court * * *
“(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay result *524 ing from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period”.
On June 30, 1998, as part of their investigation, the People served Grand Jury subpoenas on various television news agencies for “any and all video and audio tapes” of the construction protest. On August 10, 1998, the news agencies filed a joint motion in Supreme Court before Judge Atlas to quash those subpoenas. The People made representations during the pendency of the instant case that they were unable to go forward due to the litigation regarding those subpoenas.[1] Judge Atlas rendered his decision on November 2, 1998 denying the motion to quash. The news agencies did not fully comply with the subpoenas until “the third or fourth week of December, 1998.” (People’s response, at 4.) After reviewing the videotape evidence, the People decided to reduce the charges against the defendants to misdemeanors.
On January 4, 1999, the People attempted to reduce the charges against the defendants from felonies to misdemeanors by filing a superseding information. However, the Honorable Robert A. Sackett, sitting in Part F, did not accept the reduction as to defendants Spector, Ordway and Kennedy,[2] presumably, pursuant to CPL 180.50 (1). Instead, according to the endorsements on the court papers, Judge Sackett adjourned the case to February 11, 1999 for defendants to make a speedy trial motion. The court excused the defendants from appearing on the adjourn date.
On February 11, 1999, this court refused to accept the CPL 30.30 motion for lack of jurisdiction since the defendants had not been properly arraigned on the misdemeanor information.[3] The case was adjourned to April 19, 1999 for the defendants to *525 appear so that they could be arraigned on the superseding information.
On April 19, 1999, after being arraigned on the misdemeanor information (thereby conferring upon this court jurisdiction to consider the alleged speedy trial violation), defendants filed their written CPL 30.30 motions. The case was adjourned for the People to respond and for the court’s decision.
The People argue that the entire period between July 1, 1998 and January 4, 1999 is excludable, pursuant to CPL 30.30 (4) (a), because during that period the People were litigating the motion to quash filed by the news media.
The People rely on People v McCray (238 AD2d 442 [2d Dept 1997]); however, this case is clearly distinguishable. In McCray, after the People had declared their readiness for trial, the defendant served a subpoena on the Department of Homeless Services. Subsequently, an attorney for the Department made a motion to quash the subpoena. The McCray Court found the period of time the motion to quash was pending excludable. “This delay occurred during the pendency of a motion which, although not made by the defendant, comes within the ambit of CPL 30.30 (4) (a) (see, e.g., People v Batts, 227 AD2d 224 [time related to postreadiness defense-oriented motion charged to defendant]).” (People v McCray, at 443.)
Unlike McCray {supra), the instant matter did not involve a subpoena served by the defendant, and did not involve a postreadiness period.
The People’s argument for exclusion under the “exceptional circumstances” provision of CPL 30.30 (4) (g) is a closer question for the court. The People assert that the period between June 30, 1998, the date the People served the Grand Jury subpoenas, and December 21, 1998, the date compliance with the subpoenas was complete,[4] is excludable pursuant to CPL 30.30 (4) (g).
*526 The Court of Appeals, in People v Washington (43 NY2d 772 [1979]), set the standard for excluding periods pursuant to CPL 30.30 (4) (g). “The statutory exception * * * if it is to be given reasonable effect and it is to fulfill the legislative purpose, must be limited to instances in which the prosecution’s inability to proceed is justified by the purposes of the investigation and [the] credible, vigorous activity in pursuing it.” (People v Washington, 43 NY2d, at 774.)
The focus turns to the purposes of the People’s investigation. The People claim that, in an effort to secure all available evidence, they issued Grand Jury subpoenas to the news media on June 30, 1998 — the day of the protest. The People assert that it was necessary to wait for the disposition of the motion to quash and for the news agencies’ subsequent compliance with the subpoenas before proceeding further with their case.
This court finds that the People’s effort to obtain the videotape evidence of the construction protest was made in good faith and in a timely fashion. However, the purpose of the People’s investigation does not justify exclusion under this section.
The People’s efforts to obtain the tapes were credible and vigorous. The People acted with due diligence by immediately issuing subpoenas to various news agencies on the day the defendants were arrested. The People had “reasonable grounds to believe” that those tapes “[would] become available in a reasonable period [of time]” (see, CPL 30.30 [4] [g] [i]). Nevertheless, the People fail to allege sufficient justification for the investigation. Their stated objective in seeking the subpoenaed materials, according to Judge Atlas’ decision, was to seek out evidence in connection with assaults upon officers at the scene. (Matter of Grand Jury Subpoenas Served on Natl. Broadcasting Co., ABC, Inc., CBS Broadcasting, Fox Tel. Stas. & NY1 News, Sup Ct, NY County 1998, No. 28186/98.) “It is the District Attorney’s belief that examination by the injured officers of such unedited material collected throughout the event will yield evidence enabling prosecution of the assault cases.” (Supra, slip opn, at 2.) “Here assaults were apparently committed by perpetrators whose identities were concealed by the cover of the mob.” (Supra, at 3.)
Indeed, in Washington (supra), the Court found that the People failed to establish justification for the purposes of their investigation. “They urge as an excuse an ongoing narcotics investigation. However, the proof of such investigation was deficient. No activity of any significance was shown but only a *527 variety of unsatisfactory excuses why the investigation did not proceed.” (People v Washington, 43 NY2d, at 773-774.)
Other examples where the Court did not find exceptional circumstances within the meaning of CPL 30.30 (4) (g) include: People v Figaro (245 AD2d 300 [2d Dept 1997] [few phone calls and one visit by detective to secure witness’ attendance not exceptional circumstance]) and People v Warren (85 AD2d 747 [2d Dept 1981] [unavailability of complaining witness not an exceptional circumstance where there is no indication that the District Attorney attempted to contact or subpoena her]). Compare these with: People v Johnson (167 AD2d 422 [2d Dept 1990] [People’s investigation of alibi witness exceptional circumstance]) and People v Williams (244 AD2d 587 [2d Dept 1997] [delays occasioned by the necessity of obtaining blood and saliva samples from the defendant and his two codefendants, performing the genetic tests, and obtaining the written results of those analyses were exceptional circumstances within the meaning of CPL 30.30 (4) (g) (i)]).
The Washington Court clearly limited the use of this exclusion to those instances where the delay is justified by the purpose of the investigation. Here, the purpose of the investigation was to uncover additional uncharged crimes. This should not have affected the People’s ability to go forward with the crimes charged in the complaint, which clearly identified the actors with respect to each person’s alleged role in the melee.[5]
*528 This court finds the aforementioned periods are not excludable pursuant to CPL 30.30 (4) (g) (174 days charged).
The period between December 21, 1998 and January 4, 1999 is also includable. Once the People were in possession of the videotapes it was incumbent upon them to move the case forward. The People cannot rely on the “exceptional circumstances” exclusion while they evaluate their case (14 days charged).
Finally, it is well settled that the period of delay resulting from a defendant’s CPL 30.30 motion and the period of time that motion is under consideration by the court is excludable under CPL 30.30 (4) (a). {See, People v Worley, 66 NY2d 523 [1985].) Therefore, the period between January 4, 1999, when the case was adjourned for the defendants’ CPL 30.30 motion, and February 11, 1999 is excludable pursuant to CPL 30.30 (4) (a) and (b). The time from February 11, 1999 until April 19, 1999 is excludable pursuant to CPL 30.30 (4) (c). The time from April 19, 1999 until the present is excludable pursuant to CPL 30.30 (4) (a).
To date, there are 188 days charged to the People. That exceeds the allowable statutory time period pursuant to CPL 30.30. Defendants’ motion to dismiss is granted.

. On August 18, 1998, the Assistant District Attorney (ADA) assigned to Part F represented to the court that “we need time to retain some footage.” On September 23, 1998, the ADA assigned to Part F represented that the' People were litigating “a subpoena to a news channel for some type of video tape footage.”

. The court did accept the reduction as to defendant Mulligan, and formally arraigned Mulligan on the new information. Mulligan’s case was then adjourned to Jury Part 7 for trial.

. Pursuant to CPL 30.30 (1), the court has the power to dismiss pursuant to CPL 170.30, or 210.20, where the People have failed to afford the defendant a speedy trial. A motion to dismiss pursuant to CPL 170.30 applies *525 to “an information, a simplified information, a prosecutor’s information or a misdemeanor complaint” (CPL 170.30 [1]). A motion to dismiss pursuant to CPL 210.20 applies to “an indictment” (CPL 210.20 [1]). Therefore, there is no provision for the court to dismiss a felony complaint for failure to comply with the speedy trial provisions of CPL 30.30. (See, Matter of Morgenthau v Roberts, 65 NY2d 749 [1985].)

. The People were unclear as to when compliance was complete. They state in their response papers that it was “on or about the third or fourth week of December.” (People’s response, at 4.) Due to the People’s uncertainty, the court finds, in the light most favorable to the defendant, that compliance was complete on the third week, December 21, 1998.

. The felony complaint filed at the defendants’ arraignment stated in part:
“Louis Spector then grabbed [sic] and shook the door of said storefront.
“Deponent states that he thereafter observed defendant Louis Spector with approximately twenty people go to a blue van, New York license plate XP7684, and surround said van and begin to rock said van back and forth.
“Deponent further states that he is informed by Police Officer Todd Jung, shield 13331 of the MSTF, that informant Jung observed defendant Ordway with said group of twenty individuals around said van and observed defendant Ordway rock said van back and forth * * *
“Deponent states that he thereafter observed Police Officer Christopher Williams, shield 6096 of the MSTF, placing separately charged William Smith under arrest and defendant Louis Spector and defendant Derek Ordway, with approximately 100 demonstrators converged around Police Officer Williams and screamed: ‘Let him go.’ * * *
“Deponent states that when he was attempting to place defendant Louis Spector under arrest for the aforementioned conduct, defendant Spector attempted to prevent the deponent from arresting him in that he ran away from the deponent.
“Deponent states that he recovered one bag containing marijuana from the defendant Louis Spector’s pants pocket.”