■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALIT ARAC, Appellant. [747 NYS2d 87]

Defendant's motion to set aside the verdict based on his post-trial discovery that a prosecution witness had an additional conviction was properly denied. Prior to trial, the People fully complied with *Brady v Maryland* (373 US 83) and CPL 240.45 (1) (b) by disclosing all available information about the criminal history of this witness, who was a confidential informant. However, based on valid security concerns, the People properly refused to supply the witness's date of birth prior to trial, while ultimately disclosing that information during trial at the court's direction. Defendant argues that had he been provided with the date of birth earlier he would have uncovered the witness's Texas misdemeanor assault conviction in time to use it at trial. Be that as it may, there is no possibility, let alone the "probability" required to set aside a verdict on the basis of newly discovered evidence (CPL 330.30 [3]), that the verdict would have been different had the witness been impeached with the Texas conviction. The case did not turn on this witness's credibility, and he was thoroughly impeached at trial by other means, including his federal drug-smuggling conviction. Moreover, at trial, the witness did acknowledge his arrest, although not his conviction, on the Texas assault charge at issue, and defendant was accorded a reasonable opportunity to elicit the underlying facts of that incident.

The court was not obligated to conduct a sua sponte inquiry into defendant's competency, notwithstanding defendant's psychiatric history (*see Pate v Robinson*, 383 US 375; *People v Tortorici*, 92 NY2d 757, *cert denied* 528 US 834; *People v Morgan*, 87 NY2d 878). Approximately one year before trial, defendant was examined and found competent, and there was nothing before the trial court to indicate that defendant's mental condition had changed. The record establishes that defendant understood the charges against him and assisted in his own defense.

Defendant's request for a remand for a hearing concerning his constitutional right to a speedy trial is unreviewable. Defendant made no speedy trial motion of any kind, and, while it is true that a constitutional speedy trial claim survives a guilty plea or appeal waiver (*People v Callahan*, 80 NY2d 273, 282-282), it is foreclosed by failure to make a motion (*People v Jordan*, 62 NY2d 825; *People v Denis*, 276 AD2d 237, 247, *lv denied* 96 NY2d 782). This claim is unreviewable for the additional reason that defendant has not provided the minutes of any relevant adjournments (*see People v Olivo*, 52 NY2d 309, 320), and his explanation for his failure to do so is unavailing. In any event, to the extent the present record permits review, we find no violation of defendant's constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442).

Although the original indictment was lost, defendant has failed to rebut the presumption of regularity that attaches to criminal proceedings with respect to his claim that the prosecution never filed an indictment signed by the jury foreperson and the District Attorney (*see People v Dominique*, 90 NY2d 880).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.