■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM HODGES, Respondent. [784 NYS2d 638]—

Appeal by the People from (1) an order of the Supreme Court, Queens County (Blackburne, J.), dated December 6, 2002, which, upon reargument, adhered to its original determination in an order dated October 16, 2002, granting the defendant's motion to dismiss the indictment pursuant to CPL 30.30, and (2) an amended order of the same court, also dated December 6, 2002.

Ordered that the appeal from the order is dismissed as the order was superseded by the amended order; and it is further,

Ordered that the amended order is reversed, on the law, upon reargument, the motion is denied, the indictment is reinstated, the order is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The Supreme Court, upon reargument, adhered to its original determination granting the defendant's motion to dismiss the indictment pursuant to CPL 30.30. The People appeal, contending that the Supreme Court erroneously calculated the time which must be excluded under the statute.

The defendant served a "so-ordered" subpoena on certain entities for their records concerning matters related to the charges in the indictment. The City of New York, one of the entities which was served with a subpoena, commenced a proceeding pursuant to CPLR 2304 to quash the subpoenas. When the Supreme Court denied the City's petition, the City appealed to this Court. Meanwhile, the District Attorney commenced a proceeding pursuant to CPLR article 78 in this Court to prohibit the enforcement of the orders of the Supreme Court, inter alia, denying the City's petition. This Court granted the petition of the District Attorney, reversed the order denying the City's petition to quash the subpoenas, and quashed the subpoenas (*see Matter of Brown v Grosso*, 285 AD2d 642 [2001]; *Matter of City of New York v Hodges*, 285 AD2d 645 [2001]).

We agree with the People's contention that the period during which these proceedings were litigated in this Court should have been excluded for purposes of CPL 30.30. Since the defendant initiated the process by serving the subpoenas, and, as a practical matter, the case could not be tried until the petition to quash was resolved, the time should have been excluded under CPL 30.30 (4) (a) (*see People v McCray*, 238 AD2d 442, 443 [1997]; *People v Batts*, 227 AD2d 224 [1996]). After excluding this time period, the People were chargeable with less than six months. Furthermore, even if that period was not excluded, the period of delay correctly chargeable to the People did not exceed six months. Therefore the Supreme Court, upon reargument, erroneously adhered to its original determination granting the defendant's motion to dismiss the indictment pursuant to CPL 30.30. Smith, J.P., H. Miller and Luciano, JJ., concur.

S. Miller, J., concurs in the result with the following memorandum: The People contend, and my colleagues agree, that the period from November 15, 2000, to November 20, 2001, during which the City was appealing the denial of its petition to quash the subpoenas and the prosecution was litigating the CPLR article 78 proceeding to prohibit the enforcement of the orders which, inter alia, denied the City's petition, should have been excluded as "other matter" concerning the defendant pursuant to CPL 30.30 (4) (a), and that the pendency of these proceedings was excludable as an exceptional circumstance pursuant to CPL 30.30 (4) (g). I do not agree. The proceedings regarding quashing the subpoenas had no bearing whatsoever on the People's ability to proceed to trial.

As explained in *Matter of Brown v Grosso* (285 AD2d 642 [2001]), the defendant attempted to obtain unauthorized discovery of, inter alia, files in the possession of the police and

the Civilian Complaint Review Board concerning his arrest, to bolster his claim that the police officer who was the victim of the alleged attempted first degree murder accidentally shot himself. This Court ultimately determined that the defendant had no right to discovery of these files (*see Matter of Brown v Grosso, supra*; *Matter of City of New York v Hodges*, 285 AD2d 645 [2001]). However, the fact that the defendant was improperly seeking extra-statutory discovery did not impede the People's ability to proceed to trial.

The pretrial proceedings continued, albeit at a very slow pace, while the matter of the propriety of the subpoenas was litigated. The defendant obtained his subpoenas in August 2000 and this Court quashed them in July 2001 (*see Matter of Brown v Grosso, supra*; *Matter of City of New York v Hodges, supra*). In the interim, discovery proceeded, the defendant's suppression hearing commenced, and in March 2002, the defendant's suppression motion was denied. At no time during those proceedings did either party contend that the ongoing civil proceedings slowed the progress of the criminal prosecution, nor was the prosecution delayed by the civil proceedings.

The People analogized the related civil proceedings to an appeal, the time for which would have been excludable pursuant to CPL 30.30 (4) (a). However, the proceedings to quash in this case were not analogous to an appeal. The People's right to appeal is narrowly circumscribed pursuant to CPL 450.20. Insofar as is relevant to speedy trial issues, the People may only appeal when an indictment has been dismissed (*see* CPL 450.20 [1], [1-a], [2], [8]) since the People would then be *unable* to proceed with a prosecution and trial (*see People v Bryant*, 153 AD2d 636, 639-640 [1989]). Thus, the Legislature has determined that the time necessary for the People to obtain a reversal on appeal, so that the prosecution may resume, cannot be charged to the People. That is not the case here.

Similarly, the People argue that this case is indistinguishable from *People v McCray* (238 AD2d 442 [1997]), where the delay resulting from a motion to quash improper subpoenas was excluded. In *McCray*, this Court held that "as a practical matter, the case could not have been tried until resolution of the motion to quash, and thus the 'motion time' exclusion of CPL 30.30 (4) (a) applies" (*id*. at 443). Here, not only could the instant action have proceeded during the pendency of the CPLR article 78 proceeding and the City's appeal, it actually *did go forward*. Unlike the situation in *McCray*, the instant case was not delayed by the proceedings to quash. Thus, the issue of which party should have been charged with this delay is illusory

since there was no delay attributable to those proceedings. Nevertheless, I agree that the Supreme Court erred in granting the defendant's CPL 30.30 motion, as the Supreme Court erroneously charged the prosecution with several periods of excludable time.

Pursuant to CPL 30.30 (1) (a), in this felony prosecution, the People were required to be ready for trial within six months after commencement of the action (*see People v Goss*, 87 NY2d 792, 796 [1996]). As the six-month period in which the People have to become ready in felony cases is measured by the actual number of days in the applicable calendar months (*see People v Cortes*, 80 NY2d 201, 207 [1992]), the six-month period here consisted of 182 days. While the People announced their readiness to proceed well within the requisite time period, the salient issue is whether the Supreme Court properly charged the People with several periods of post-readiness delay totaling 226 days, 44 days more than the 182-day limit. I conclude that the Supreme Court erred in charging 48 of the 226 days it charged to the prosecution, which would bring the People within the six-month period applicable here.

At the outset, the defendant conceded that the Supreme Court erroneously charged the People with 18 days of excludable delay for the period from July 2, 2001, to July 23, 2001, attributable to court unavailability (*see People v Washington*, 238 AD2d 263 [1997]). Thus, the 226 days charged to the People should have been reduced accordingly to 208 days.

The Supreme Court also erroneously charged the People with 10 days for an adjournment for the period from May 8, 2001, to May 21, 2001. On Tuesday, May 8, 2001, the prosecuting Assistant District Attorney asked for an adjournment until "next week." The Supreme Court indicated that it was unavailable for the first two days of the next week, and the defense attorney indicated that he was unavailable for the remaining three days of that week. The Supreme Court thereafter indicated that the next available date was May 21, 2001, and adjourned the case to that date.

Under CPL 30.30, if a prosecutor requests that a case be adjourned after announcing readiness, the prosecution is only charged with the actual number of days that it requested (*see People v Nielsen*, 306 AD2d 500, 501 [2003]; *People v Camillo*, 279 AD2d 326 [2001]; *People v Rivera*, 223 AD2d 476 [1996]). Moreover, the defendant conceded that the Supreme Court erred in charging the People with four extra days for this adjournment. Therefore, the prosecutor should only have been charged with the six-day adjournment she requested until the beginning

of "next week," thus reducing the total period chargeable to the People to 204 days.

On May 23, 2001, the suppression hearing continued. During the examination of a police witness, the Supreme Court indicated that it did not have any more time that day, and the parties agreed to adjourn until June 6, 2001. Where the defendant has agreed to an adjournment, the prosecutor is not chargeable with the time for that adjournment (see People v Yampierre, 300 AD2d 419 [2002]; People v Celestino, 201 AD2d 91 [1994]). Therefore, this 14-day adjournment period should not have been charged to the People, thus reducing the total period chargeable to them to 190 days.

The Supreme Court also erroneously charged the People with six days for the period from June 6, 2001, to June 12, 2001. There were no minutes available to establish at whose request this adjournment was granted (see People v Arac, 297 AD2d 560 [2002]), but there was some indication in the record that the adjournment was ordered "by [the] court." The Supreme Court stated that it charged this time to the People "[c]onsidering the repeated and numerous non-excludable delays on the part of the prosecution, and [its] 'dilatory' conduct in connection with the pre-trial suppression hearing." Notwithstanding the absence of any articulable factual basis, the Supreme Court concluded that the People were chargeable with this delay, in effect, because they were guilty of others. This conclusion was wholly arbitrary and lacked any basis in the record. Therefore, these six days should not have been charged to the People, thus reducing the total period chargeable to them to 184 days.

On August 16, 2001, a Thursday, the defendant took the stand in his own defense at the suppression hearing. When the defendant was excused, the Supreme Court directed counsel to "pick another date" for the defense to continue. The defense counsel asked for a date "sometime next week." The defense counsel also indicated that his next witness had medical problems which might necessitate moving the hearing to the witness's bedside, stating that, "we may have to go to him, and I know that is a big to-do." In the ensuing discussion regarding scheduling, the defense counsel asked for Wednesday, August 22, 2001. The prosecutor indicated she would be unavailable on that date and further indicated that she was leaving the following day for vacation through Labor Day. September 5, 2001, was the next date mutually agreeable to the parties.

The Supreme Court charged the People with 16 days stemming from the delay between August 16, 2001, and September 5, 2001. However, the defendant was presenting witnesses at

that point in the hearing, not the prosecution. Although the prosecutor's unavailability *extended* the delay to September 5, 2001, it was the defendant who requested this adjournment, albeit until the following week. Thus, at least a portion of this delay should have been charged to the defense (*see* CPL 30.30 [4] [b]). Indeed, the defense counsel asked for a continuance until August 22, 2001. The defense counsel's request effectively "relieve[d] the People of the responsibility for that portion of the delay" (*People v Liotta*, 79 NY2d 841, 843 [1992]). Just as the prosecutor should have been charged only with the actual time she requested, so too, should the defense counsel have been charged only with the actual time he requested, i.e., six days for the period from August 16, 2001, to August 22, 2001. While the prosecutor was unavailable on August 22, 2001, and for an extended time period thereafter, the defense counsel requested a six-day adjournment, which time should have been excluded from the time charged to the People (*see People v Gerstel*, 134 AD2d 281 [1987]; *see also People v Robinson*, 269 AD2d 410 [2000]). Therefore, the 16 days charged to the People for this adjournment should be reduced by the six days attributable to the defense, thus reducing the total time chargeable to them to 178 days.

Accordingly, since the prosecutor did not exceed the 182-day limit, the indictment should not have been dismissed.