■ The People of the State of New York, Respondent, v Ramon Alcequier, Appellant. [788 NYS2d 389]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 12, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), and attempted criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Defendant's challenges to the first two periods at issue, totaling 41 days, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the record supports the court's finding that the period of October 22 to November 17, 1998 was excludable because the adjournment was on consent, and fails to support defendant's claim that the consent resulted from a false impression created by the prosecutor. With respect to the period of November 17 to December 2, 1998, the People should have been charged with the one week they requested due to their lack of readiness.

The period of March 15 to 24, 1999 was excludable because defense counsel was not ready for trial and needed additional time to review tapes. Furthermore, this adjournment was also attributable to defendant's motion to inspect the grand jury minutes.

As to the period of April 28 to 30, 1999, in the absence of any transcript, the prosecutor's unrefuted affirmation in opposition to defendant's motion provided a sufficient record to support the People's claim that this two-day adjournment was at defendant's request (*see People v Chambers*, 226 AD2d 284 [1996], *lv denied* 88 NY2d 981 [1996]). The People concede the includability of the one-day period of September 8 to 9, 1999.

The remaining disputed periods, totaling 64 days, were excludable under CPL 30.30 (4) (g), which allows exceptional circumstances, such as the unavailability of a prosecution witness for medical reasons, to justify periods of delay not expressly covered by the statute, even in the absence of a formal continuance (*see People v Goodman*, 41 NY2d 888 [1977]). The unrefuted representation of the People constitutes sufficient proof of the medical unavailability of a prosecution witness (*see People v Bailey*, 221 AD2d 296 [1995]; *People v Celestino*, 201 AD2d 91, 95 [1994]). The People were not required to show that the witness was completely immobilized or totally incapacitated, or that they had made extraordinary efforts to secure his presence (*see People v Martinez*, 268 AD2d 354 [2000], *lv denied* 94 NY2d 922 [2000]).

In sum, in addition to the 154 days found by the court to be includable, only 8 days were includable, bringing the total to 162 days, which is short of the six-month statutory threshold for dismissal.

Defendant was properly tried in absentia (*see People v Arellano*, 291 AD2d 329 [2002], *lv denied* 98 NY2d 694 [2002]), after the court conducted a *Parker* hearing. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.