The People of the State of New York, Appellant, 
against
Christopher J. Perrier, Respondent.




District Attorney Suffok County (Edward A. Bannan, Esq.), for appellant.
John M. O'Brien, Esq., for respondent (no brief filed).

Appeal from an order of the Justice Court of the Town of Southampton, Suffolk County (Andrea H. Schiavoni, J.), dated November 25, 2015. The order granted defendant's motion to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated.




ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remitted to the Justice Court for all further proceedings.
On July 15, 2015, defendant was arraigned on a "violation information" which charged him with harassment in the second degree (Penal Law § 240.26 [1]). Defendant subsequently moved to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated, which motion the People opposed. By order dated November 25, 2015, the Justice Court granted defendant's motion.
As defendant was charged with a violation, the People were required to announce their readiness for trial, pursuant to CPL 30. 30 (1) (d), within 30 days of the commencement of the action (see also People v Lomax, 50 NY2d 351, 356 [1980]). A review of the record indicates that the People announced that they were ready for trial on July 15, 2015 and August 5, 2015. On August 11, 2015, the People were not ready for trial, and requested a one-week adjournment. The case was adjourned to September 10, 2015 for trial. On September 10th, the People again were not ready for trial and requested a seven-day adjournment to September 17, 2015. On September 17th, defense counsel requested an adjournment, and the case was adjourned to October 7, 2015. On October 7th, the People announced that they were ready for trial. If "a prosecutor requests that a case be adjourned after announcing readiness, the prosecution is only [*2]charged with the actual number of days that it requested" (People Hodges, 12 AD3d 527, 530 [2004]; see also People v Brown, 28 NY3d 392, 404 [2016]; People v Nielsen, 306 AD2d 500, 501 [2003]). Thus, contrary to the determination of the Justice Court, only seven days of delay are chargeable to the People for the time period of August 11, 2015 to September 10, 2015. Moreover, the People concede that they should be charged with the seven-day time periods of September 10, 2015 to September 17, 2015, and September 30, 2015 to October 7, 2015. In view of the foregoing, a total of 21 days of delay are changeable to the People.
Accordingly, the order is reversed and defendant's motion to dismiss the accusatory instrument is denied.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: June 01, 2017