The People of the State of New York, Respondent,
against
Arthur Wigfall, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J., at speedy trial motion; Robert M. Mandelbaum, J., at jury trial and sentencing), rendered October 15, 2015, after a jury trial, convicting him of aggravated operation of a motor vehicle while intoxicated, operating a motor vehicle while intoxicated and unlicensed driving, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A. Crane, J., at speedy trial motion; Robert M. Mandelbaum, J., at jury trial and sentencing), rendered October 15, 2015, affirmed.
The court properly denied defendant's statutory speedy trial motion. The brief period at issue - September 15, 2014 through September 22, 2014 - was excludable under CPL 30.30(4)(g), which allows exceptional circumstances, such as the unavailability of a prosecution witness for medical reasons, to justify periods of delay not expressly covered by the statute (see People v Goodman, 41 NY2d 888 [1977]). Here, exceptional circumstances due to the arresting police officer's unavailability for medical reasons were established, because defendant failed to refute the People's representations regarding such unavailability and did not request a hearing challenging the People's representations (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Alcequier, 15 AD3d 162 [1st Dept 2005]).
The court properly denied defendant's challenge for cause to a prospective juror, since the totality of the panelist's responses did not call into question his ability to reach a fair and impartial verdict (see People v Arnold, 96 NY2d 358, 362 [2001]). The panelist agreed that, notwithstanding his opinion that a person should not drive after having one drink, he could follow the court's instructions and legal definitions, and render an impartial verdict(see People v Chambers, 97 NY2d 417, 419 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Hon. Doris Ling-Cohan
Concurring Opinion
I concur in the result under constraint of People v Alcequier, 15 AD3d 162 (1st Dept 2005) and its progeny. However, the Court of Appeal's recent decision People v Allard, 28 NY3d 41, 46 n (2016), suggests that mere representations made by the People, without personal knowledge, may not be sufficient to satisfy the stringent requirements of CPL 210.45 (5) (c).
CPL 210.45 (5) (c) requires that a court may deny a motion to dismiss an indictment without conducting a hearing if, "[a]n allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof" (emphasis added). Nevertheless, regarding a statutory speedy trial motion to dismiss, it has been held that representations by an Assistant District Attorney (ADA) could be considered sufficient to conclusively refute a defendant's motion without a hearing (People v Alcequier, 15 AD3d 162, 163 [1st Dept 2005]). However, the Court of Appeals in People v Allard reiterated the application of CPL 210.45 (5) (c) to speedy trial motions. It recognized that a hearing must be held to address, " those periods for which the People have not provided unquestionable documentary proof'—for example, a transcript or letter evidencing defendant's consent" (Allard, 28 NY3d at 46 n [2016] [emphasis added]). Thus, requiring the additional submission of a supporting "transcript or letter" as "unquestionable documentary proof," as prescribed by Allard (28 NY3d 46 n), would be duplicative and wholly unnecessary to avoid a hearing, if an ADA's representations alone are indeed sufficient to conclusively refute a defendant's motion to dismiss (Alcequier, 15 AD3d at 163).
Mere representations by an ADA, without personal knowledge, are essentially unsupported allegations and hearsay, rather than "unquestionable documentary proof" (CPL 210.45 [5] [c]), which are not permitted even in civil cases, notwithstanding if made under oath by an attorney. In turn, defendants confronted with these representations generally lack information with which to refute the ADA's allegations, in a reply. When a defendant's liberty interest is at stake, and the dispositive proof lies solely in the hands of the People, the weight given to mere prosecutorial representations as "unquestionable documentary proof" should be carefully reviewed, as begun by the Court of Appeals in People v Allard, 28 NY3d 41, 46 n (2016).
Decision Date: December 18, 2017