People v McFaline (2018 NY Slip Op 08442)





People v McFaline


2018 NY Slip Op 08442


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7848 4184N/15

[*1]The People of the State of New York, Respondent,
v
Andrew McFaline, Defendant-Appellant.


Law Office of Barry A. Weinstein, P.C., Bronx (Barry A. Weinstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered June 29, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1½ years, unanimously affirmed.
The court properly denied defendant's CPL 30.30 speedy trial motion. The motion turned on certain adjournments attributable to the unavailability of a retired detective, for reasons relating to his relocation to Florida, his own medical condition, and his need to visit his seriously ill father in Puerto Rico. These adjournments were correctly excluded as "occasioned by exceptional circumstances" (CPL 30.30[4][g]; People v Goodman, 41 NY2d 888, 889 [1977]). We have considered defendant's other arguments concerning the court's determination of the CPL 30.30 motion, including defendant's challenges to the sufficiency of the People's showing in support of their claims, and find them unavailing (see People v Alcequier, 15 AD3d 162, 163 [1st Dept 2005], lv denied 4 NY3d 851 [2005]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The police witness's testimony about interactions between the person who sold drugs to the undercover officer, and defendant, who delivered the drugs to the seller, supports an inference that "defendant intentionally and directly assisted in ... the illegal sale of a narcotic drug" (People v Bello, 92 NY2d 523, 526 [1998]).
The court properly denied, without granting a hearing, defendant's motion to suppress physical evidence. Defendant's conclusory denial of selling cocaine to an undercover officer did not contradict the felony complaint's allegation that defendant supplied drugs to another person, who sold them to an undercover officer, and this denial was insufficient, in the context of the information available to defendant, to require a hearing (see People v Jones, 95 NY2d 721 [2001]).
The court providently exercised its discretion in limiting the cross-examination of a police witness about past lawsuits against him alleging misconduct (see People v Smith, 27 NY3d 652 [2016]). Defendant received ample scope in which to impeach the officer's credibility, and the lines of inquiry that the court restricted would have delved into collateral issues and matters that would have required the jury to understand aspects of civil practice. In any event, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The prosecutor's summation argument that defendant characterizes as unfairly denigrating defense counsel "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (see People v Galloway, 54 NY2d 396, 399 [1981]). Defendant's remaining challenges to the prosecutor's summation are unpreserved, since defense counsel either failed to raise a timely objection or did not object on the same grounds raised on appeal (see People v Romero, 7 NY3d 911 [2006]). Defendant's postsummation mistrial motion was ineffective to preserve these arguments (see id.). As an alternative holding, we find no basis for [*2]reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v
D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In any event, any error involving the prosecutor's summation was harmless.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK