People v 237 Berkshire, LLC (2023 NY Slip Op 51384(U))

[*1]

People v 237 Berkshire, LLC

2023 NY Slip Op 51384(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-1 S CR

The People of the State of New York, Respondent,
against
237 Berkshire, LLC, Appellant. 

Judith N. Berger, for appellant.
Office of the Brookhaven Town Attorney, for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), rendered November 29, 2021. The judgment convicted defendant, after a nonjury trial, of two counts of maintaining a building or structure without building permits in violation of Brookhaven Town Code § 85-12 (A), and imposed sentence. The appeal brings up for review so much an order of that court dated April 8, 2021 as denied defendant's omnibus motion, and an order of that court dated November 9, 2021 denying defendant's motion which sought to dismiss the accusatory instrument on the ground that its statutory right to a speedy trial had been violated.

ORDERED that the judgment of conviction is reversed, on the facts, the accusatory instrument is dismissed, and the fines, if paid, are remitted.
Insofar as is relevant to this appeal, on October 29, 2020 a criminal proceeding was commenced in which defendant was charged with two counts of violating Brookhaven Town Code (Code) § 85-12 (A) by maintaining, without a permit, a building or structure with, respectively, basement egress windows with wells and a garage with a door that had been replaced with siding. On that date, the People filed a certificate of compliance and a statement of readiness. Following a nonjury trial, defendant was convicted of those two counts and was sentenced to fines. On appeal, defendant contends, among other things, that the information should be dismissed as jurisdictionally defective; that the information should be dismissed in the furtherance of justice pursuant to CPL 170.40; that its CPL 30.30 statutory right to a speedy trial has been violated; that the District Court made evidentiary errors at trial; that the evidence was legally insufficient; and that the verdict was against the weight of the evidence.
Code § 85-12 (A), "Issuance of building permits and universal design permit to build; restrictive covenants," states, in part, that:
"No building or structure shall be erected[,] altered or maintained until a building permit or universal design permit therefor has been issued by the Chief Building Inspector."
The factual portion of the information alleges, among other things, that defendant owned the building or structure where the town investigator observed two basement egress windows with wells and a garage with a door that had been replaced with siding, and that upon a search of the Town of Brookhaven (Town) building department records, the investigator did not find a permit on file for the above. We find that the information sets forth nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). The information did not have to allege that defendant erected or altered the building or structure, since it alleges that defendant maintained the building, and there is no requirement that the information contain allegations that the windows were workable. The information provided defendant with sufficient notice to prepare a defense and was adequately detailed so as to prevent defendant from being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]). Moreover, defendant's omnibus motion papers did not make specific arguments as to why the information should be dismissed in the furtherance of justice and did not address any of the CPL 170.40 factors.
In view of the foregoing, the District Court properly denied the branches of defendant's omnibus motion seeking to dismiss the accusatory instrument as jurisdictionally defective and in the furtherance of justice.
In its speedy trial motion, and on appeal, defendant argues that the 35-day time period from September 17, 2021 to October 22, 2021 is chargeable to the People as they were not ready for trial on September 17th because their witness had tested positive for Covid-19. On September 17th, the People requested an adjournment to October 22, 2021, on which date they were ready for trial. 
CPL 30.30 (4) (g) allows exceptional circumstances, such as the unavailability of a prosecution witness for medical reasons, to justify periods of delay not expressly covered by the statute (see People v Goodman, 41 NY2d 888 [1977]; People v Harrison, 171 AD3d 1481, 1483 [2019]; People v Blacks, 153 AD3d 720, 723 [2017]; People v Alcequier, 15 AD3d 162, 163 [2005]). Here, the aforementioned representation by the People, which was confirmed and documented, is sufficient proof of the medical unavailability of their witness (see Alcequier, 15 AD3d at 163; People v Bailey, 221 AD2d 296 [1995]; People v Celestino, 201 AD2d 91, 95 [1994]). Consequently, in light of CPL 30.30 (4) (g), defendant has failed to demonstrate that the 35-day time period of September 17th to October 22nd was chargeable to the People and, thus, that the District Court improperly denied defendant's statutory speedy trial motion.
On appeal, defendant argues that the People never established a Code § 85-12 (A) violation since no evidence was presented that the building, or structure, had, at any time, been altered or modified. To the extent that this argument can be construed as a contention that the evidence was legally insufficient, such contention is unpreserved for appellate review since the defense did not raise it in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, to the extent that the argument can be construed as a contention that the verdict was against the weight of the evidence, as there is no preservation requirement associated with such a contention, we must necessarily determine whether all of the elements of the offenses charged were proven beyond a reasonable doubt as part of our weight of the evidence review (see [*2]People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). According great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), while weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see Bleakley,69 NY2d at 495; People v Zephyrin, 52 AD3d 543 [2008]), we find that a different result would not have been unreasonable and that the verdict was against the weight of the evidence. 
In order to show that defendant had maintained, without building permits, a building with two basement egress windows with wells and a garage with a door that had been replaced with siding, the People first had to show that, at some point prior to December 19, 2019, the date of the town investigator's observations, the building did not have the egress windows with wells and had a garage door.[FN1]
Neither the testimony of the town investigator nor the certificate of zoning compliance and survey which were admitted into evidence at trial as People's Exhibit 2, adequately depicted or described the configuration of the building prior to December 19th so as to establish these two required elements of the People's case. Consequently, the People failed to prove that defendant maintained a building or structure without building permits in violation of Code § 85-12 (A), as no such permits would be needed if the building had been initially constructed as it appears now. In view of the foregoing, upon the exercise of this court's factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348), while weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see Bleakley, 69 NY2d at 495; Zephyrin, 52 AD3d 543), we find that the verdict convicting defendant of two counts of violating Code § 85-12 (A) was against the weight of the evidence.

We pass on no other issue.

Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.

EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 7, 2023

Footnotes

Footnote 1:We note that defendant is specifically charged with removing a garage door and replacing said door with siding. He is not charged with illegally converting a garage into an interior space. The subject charge requires the People to first establish the existence of a garage door.~~