■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARSIELLES ROBINSON, Respondent.—Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered March 10, 1989, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law and on the facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

Defendant was charged with attempted murder in the second degree and related crimes arising out of his alleged firing of several shots at James Milton on July 1, 1987. Arrested on September 2, 1987, defendant was arraigned in the Criminal Court on September 4, 1987 and bail, which he was able to make, set. He was subsequently indicted and arraigned thereon on September 28, 1987, at which time the assistant district attorney announced the People's readiness. After several adjournments, most of which were either on consent or for the purpose of filing motions, another assistant District Attorney to whom the case had been reassigned stated at a June 9, 1988 calendar appearance that the People were not ready since they were unable to locate their witnesses. The court then adjourned the case for six months, subject to advancement if the People were ready to proceed to trial. The case was, in fact, advanced and the People again announced their readiness three and one-half months later. Eventually,

after a *Wade* hearing had been held, the court, in response to defendant's speedy trial motion, dismissed the indictment, without a hearing, finding that, since the People had never effectively announced their readiness, all the time that elapsed subsequent to his September 2, 1987 arrest on the felony complaint was chargeable to them, regardless of the reason given for the various intervening adjournments. In so ruling, the court apparently gave no credence to the affirmations of the two assistant district attorneys successively assigned to the case in which they recited their contacts with the complainant and as to whose whereabouts they were, except for the interval between June 9, 1988 and the time they advanced the case on the calendar (less than three and one-half months), aware at all times. We conclude that the court erred in so ruling, as a result of which it miscalculated the amount of time that should have been charged to the People.

As the record reflects, the originally assigned assistant district attorney, in September 1987, spoke to the complainant; thereafter at defendant's arraignment on the indictment on September 28, 1987, the People announced their readiness and reannounced it on the adjourned dates of November 2 and December 14, 1987 and February 1, 1988. In February of 1988, another assistant district attorney was assigned to the case. In March of that year, he contacted the complainant's uncle and father, both of whom indicated that the complainant and a prosecution witness, Smallwood, still resided at their given addresses. This information, as well as the complainant's interest in prosecuting the case, was confirmed in April and May, 1988 by a detective who contacted the complainant's mother. The assistant district attorney then assigned to the case, sometime prior to June 1988, called the complainant at his place of employment; although the complainant was not present at the time, the assistant was able to confirm that he did, in fact, work there. Later, on the basis of these conversations, the People reiterated their readiness on April 4, 1988. On the next adjourned date, June 9, 1988, however, the prosecutor announced that the People were not ready since their witnesses could not be located. The court adjourned the case to December 12, 1988, subject to its being advanced if the People were, at an earlier date, successful in their efforts to locate the witnesses. Sometime in August 1988, the assistant district attorney contacted the complainant and thereafter had the matter recalendared for September 26, 1988 at which time he, in addition to announcing the People's readiness on the record, filed a notice of readiness with the court.

In rejecting the People's various statements of readiness and holding that "the prosecutors were not able to present the case immediately and had no basis for believing that they would be able to do so," the court found that their readiness statement was, in effect, an "empty proclamation." We disagree.

An illusory statement of readiness by the People, without the ability to produce their complaining witness, is insufficient to stop the running of time for CPL 30.30 purposes. *(See, People v Cole,* 73 NY2d 957, 958.) The test is whether the People are able to present their case and do so immediately. *(People v Kendzia,* 64 NY2d 331, 337.) The statement must be made in good faith and reflect an actual, present state of readiness. *(See, People v Tavarez,* 147 AD2d 355, 356.) While subsequent requests for adjournments may indicate a lack of readiness at that time, they do not necessarily invalidate an earlier otherwise proper statement of readiness. *(See, supra; People v Anderson,* 105 AD2d 38, 39, *affd* 66 NY2d 529.)

In finding that the People's announcement of readiness was illusory, the court cited the People's inability to produce the complainant or the witness, Smallwood. The record, however, shows that after having indicated their readiness at defendant's arraignment, the People, on the basis of the assistant district attorney's prior conversations with the complainant, announced on two subsequent occasions that they were ready to proceed to trial. Contrary to the court's finding, we find that the People properly announced their readiness. The People are not required on each adjourned date to contact their witness. Aside from its impracticality, such a requirement would be unduly burdensome and vexing to the witnesses. Moreover, the circumstances attending the subsequent occasion when the People were not ready do not cast an infirmity on their prior announcement of readiness. There is no showing that the assertions of readiness by the original assistant district attorney assigned to the case were not made in good faith. Indeed, the assistant had spoken to the complainant and had obtained from him "alternate contacts" should his appearance be necessary. Ultimately, the complainant testified at the *Wade* hearing. Thus, the People's inability to proceed to trial eight months after first announcing their readiness did not affect their earlier, good-faith announcement. Nor was the People's announcement of readiness on April 4 and May 23, 1988 made in other than good faith.

The assistant district attorney to whom the matter had been reassigned spoke with the complainant's father and uncle in

March 1988 and was reassured of the continued availability of the complainant and witness, Smallwood. This information, after personal contact, was confirmed in April and again in May 1988. "Sometime prior to" June the assistant called the complainant at his place of employment and, although he was not then available, confirmed that he did, in fact, work there. Thus, the IAS court's determination that the People were never actually ready, as they indicated they were, because of the unavailability of their witnesses, is plainly belied by the record.

As a result of its error in rejecting all the People's statements of readiness, the court erred in calculating the time chargeable to the People. Defendant was arraigned on the felony complaint on September 4, 1987, represented by counsel whose appearance was "for arraignment purposes only." The matter was adjourned to September 8, 1987, obviously for the assignment of counsel. This four-day period was reasonable and necessary and is excludable. (See, CPL 30.30 [4] [f].) Thereafter, on September 8 and 28 and October 7, 1987, it was defense counsel who requested the adjournment. This time was properly excluded. (See, CPL 30.30 [4] [b].) On November 2, 1987, defense counsel moved for inspection of the grand jury minutes, which were submitted to the court. The matter was adjourned to December 14, 1987 for the filing of motions. On the 14th, the matter was again adjourned to February 1, 1988 so that defense counsel could file motions. This time is not chargeable to the People (see, CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 525). On February 1, the matter was adjourned to April 4, 1988 to allow the court time to decide the inspection motion. This time is also excludable. (See, CPL 30.30 [4] [a]; *People v Moorhead,* 61 NY2d 851, 852.) On April 4, the matter was adjourned to May 23, 1988 for the court to consider defendant's inspection motion. Defense counsel did not object to the court's ruling that the time was excluded. Thus, this period of time is not chargeable to the People. (*Supra; see also,* CPL 30.30 [4] [b].) It should be noted that defendant was at liberty throughout this period and was in no rush to have the matter tried. On May 23rd, the matter was adjourned to June 9, 1988 without objection by defense counsel after a bench conference. This time is excludable. (CPL 30.30 [4] [b].) As already noted, on June 9th, the People stated they were not ready and the matter was adjourned, as subsequently advanced, to September 26, 1988. This period of 108 days was properly charged to the People.

In dismissing the indictment, the court calculated the time

periods only to this juncture and incorrectly charged the People with 302 days, instead of the 108 days that should have been charged. In so doing, the court, it should be noted, ignored the rulings of the Justices presiding on October 7, 1987 and April 4, 1988, respectively, which excluded the time and upon which the People were entitled to rely. *(See, People v Wilson,* 119 AD2d 843, 843-844.) After review of the record, we find that only four additional days, for delays attributable to them during the *Wade* hearing, should be chargeable to the People with respect to the proceedings after September 26, 1988. Even if defendant's claims with respect to the proceedings were accepted at full value, an additional 53 days would be chargeable to the People, making, at most, 161 days of chargeable time. Thus, the post-September 26, 1988 proceedings do not give rise to CPL 30.30 relief.

Finally, we reject the People's invitation to review the IAS court's order precluding the witness Smallwood from testifying at trial based on their failure to produce him at the *Wade* hearing. The People did not and could not appeal from that particular order. While the People may appeal from an order of suppression (CPL 450.20 [8]), they may do so only when they have filed a statement pursuant to CPL 450.50 (1) stating that the evidence available to them is legally insufficient or so weak that there is no reasonable possibility of conviction. Here, as the record discloses, the complainant is available to testify and identify defendant, making such a certification impossible. The IAS court may, of course, wish to reconsider its ruling since, in light of the court's finding that the lineup was not suggestive, the issue of independent source was rendered moot. In ordering preclusion, the court cited the lack of proof as to an independent source with respect to the absent witness, Smallwood. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.