(February 10, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL DUSHAIN, Respondent. [669 NYS2d 30] —Order, Supreme Court, New York County (Harold Beeler, J.), entered October 17, 1995, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law and the facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

By order of this Court entered July 31, 1997 (241 AD2d 985), our decision in this matter, a People's appeal (*People v Dushain,* 239 AD2d 151), was recalled and vacated, and the appeal held in abeyance, in order to assign appellate counsel for defendant and permit counsel time to submit a respondent's brief on defendant's behalf. Having now received respondent's brief, we adhere to our prior decision as set forth below.

Defendant was arrested on December 10, 1993, and indicted on charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. According to the People, and uncontested on the speedy trial motion, they first announced their readi-

ness for trial on June 29, 1994, and were chargeable with 89 days of delay as of March 31, 1995, when the period with which this appeal is concerned commenced.

Apparently unbeknownst to the People, the arresting officer in this case retired from the New York City Police Department on March 30, 1995 and joined the Nassau County Police Department. The case happened to be on the calendar on March 31, 1995, and on that date, in response to the court's inquiry, the People answered ready for trial; for the most part, they stated their readiness on subsequent adjourned dates as well. However, on June 20, 1995, the People advised the court that they had just learned of the officer's job change and requested a two-week adjournment to find out what was necessary to secure his attendance for trial. After another adjournment due to the assigned assistant's vacation, defense counsel informed the court on July 25, 1995 of his intention to file the instant speedy trial motion. The only intervening date that must be noted at this juncture is May 2, 1995, when a bench warrant was issued but stayed until May 9, 1995.

Without specifying any particular adjournments, defendant's CPL 30.30 motion alleged simply that, despite statements of readiness, the People had not actually been ready because the officer was unavailable due to his change in jobs. The prosecutor's papers in response informed the court that the assistant had contacted the Nassau County Police Department and learned that the arresting officer was—and had been at all times—available by subpoena upon at most three or four days notice. The People conceded, however, that a total of 139 days were chargeable to them, including some portions of the time between March 31 and July 25, as well as the week following the July 25th court appearance.

Notwithstanding the prosecutor's representation of the officer's uninterrupted availability, the court granted the speedy trial motion, finding that, with the exception of the week between May 2nd and May 9th noted above, the entire period subsequent to March 31, 1995 was chargeable to the People because they had not known of the officer's new job. This finding added 66 days to the 139 days conceded by the People, bringing the total chargeable time to 205 days, in excess of the 182 days permitted by statute. The court reasoned that because the People "were unaware of the status of their witness, they could not be actually ready to proceed." Thus, despite the announcements of readiness during this period, and without rejecting the prosecutor's statement that in fact the officer had always been available, the court found that the People failed

the "actual readiness" test under *People v Kendzia* (64 NY2d 331). This was error.

The change in the witness's status as of March 31st did not invalidate the People's statements of readiness, announced on various adjourned dates, nor did their ignorance of the change render them unable to proceed. Notably, the court did not take issue with the prosecutor's statement regarding the officer's actual availability; the court simply believed that because the People did not *know* the officer had changed jobs, their readiness had been somehow illusory. At all times, however, the witness's whereabouts were ascertainable, and the People never lost the ability to secure his attendance for trial. Had the case been sent out for trial on any of the adjourned dates in dispute (beginning with March 31, 1995), the People would have discovered the officer's new status at once and secured his attendance within, at most, a few days.

The People are not required to contact their witnesses on each and every adjourned date (*People v Robinson*, 171 AD2d 475, 477, *lv denied* 78 NY2d 973), and neither statute nor case law requires that the People have the ability to produce their witnesses instantaneously in order for a statement of readiness to be valid. Here, given the continued availability of the witness (on at most a few days notice), the prosecutor's statements of readiness throughout the contested period represented more than merely an expectation or hope to be ready at some future time (*People v Kendzia, supra*).

Thus, the basis of the court's finding that resulted in an additional 66 days of chargeable time was erroneous. Moreover, it is relevant for CPL 30.30 purposes to note that the entire period at issue occurred after the People's initial announcement of readiness on June 29, 1994. Unlike pre-readiness delay, post-readiness delay may be charged to the People only where and to the extent a delay is actually caused by them (*People v Cortes*, 80 NY2d 201, 210; *People v Anderson*, 66 NY2d 529, 536). Upon examination of the record, it appears that most of the adjournments within the period at issue were requested or otherwise caused by the defense. Where the People did request adjournments during this time period, only the time actually requested should have been charged to them; any adjournment in excess of the time requested should have been excluded (*People v Rivera*, 223 AD2d 476, *lv denied* 88 NY2d 852; *People v Urraea*, 214 AD2d 378; *see, People v Cortes, supra*, at 217, n 11). Accordingly, the People were well within the permissible 182 days allotted by statute, and the motion to dismiss on statutory speedy trial grounds should have been denied. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.