■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CAMILLO, Appellant. [719 NYS2d 239] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J., on speedy trial motion; Joseph Fisch, J., at jury trial and sentence), rendered October 25, 1996, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, and judgment, same court (Joseph Fisch, J.), rendered November 8, 1996, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 4½ to 9 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The certificates of readiness filed by the People after answering not ready on certain occasions tolled the speedy trial clock from running for the remainder of the adjournment periods and the good faith of such certificates was not negated by the People's unreadiness at the subsequent calendar calls (*People v Douglas*, 264 AD2d 671, *lv denied* 94 NY2d 862; *see also, People v Stirrup*, 91 NY2d 434, 440; *People v Acosta*, 249 AD2d 161, *lv denied* 92 NY2d 892). The fact that the court granted longer adjournments than requested by the People did not require such time to be charged to the People (*see, People v Rivera*, 223 AD2d 476, *lv denied* 88 NY2d 852). The record supports the court's conclusion that the prosecutor's notices of readiness were not illusory (*see, People v Kendzia*, 64 NY2d 331). The People are not required to contact their witnesses on every adjourned date (*People v Robinson*, 171 AD2d 475, *lv denied* 78 NY2d 973), nor do they have to be able to produce their witnesses instantaneously in order for a statement of readiness to be valid (*see, People v Dushain*, 247 AD2d 234, *lv denied* 91 NY2d 1007).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.