OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Rodney Sherman, is charged with one count of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]). The defendant has moved in an omnibus motion for dismissal on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (c), alleging that more than 60 days have elapsed since his arraignment, suppression of identification and physical evidence, preclusion of identification or statement evidence for which proper notice has not been given, preclusion of prior bad acts, and discovery and a bill of particulars. The motion is decided as follows.
Speedy Trial
CPL 30.30 is not a speedy trial statute in the constitutional sense. Rather, it was enacted to enforce prosecutorial readiness and is intended only to address delays occasioned by prosecutorial inaction (see People v McKenna, 76 NY2d 59, 63 [1990]; People v Sinistaj, 67 NY2d 236, 239 [1986]; People v Anderson, 66 NY2d 529, 535 [1985]). As such, a defendant’s right to a speedy trial under the statute is separate and distinct from his right to a dismissal on the ground that he has been denied his constitutional right to a speedy trial (see Sinistaj, 67 NY2d at 239; People v Brothers, 50 NY2d 413, 416 [1980]; People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498 [1973]).
Because CPL 30.30 is not a constitutional speedy trial statute but a prosecutorial readiness statute, it demands only that the prosecutor be ready for trial, not that court facilities also be available (see Brothers, 50 NY2d at 416; Franklin, 31 NY2d at 501-502). Accordingly, once the People have declared their readiness for trial, they are not chargeable with any delay in proceeding due to court congestion (see People v Chavis, 91 NY2d 500 [1998]). Once the People have announced their readiness to *346 proceed to trial they have satisfied their obligation under the statute (see People v Giordano, 56 NY2d 524 [1982]). They therefore are not required to reiterate their readiness and are chargeable only with delay they have caused which “directly implicates [their] ability to proceed to trial” (see People v Cortes, 80 NY2d 201, 210 [1992]). In contrast, where the People have not yet announced their readiness to proceed to trial, court congestion will not excuse their failure to be ready (see People v Smith, 82 NY2d 676, 678 [1993]; Brothers, 50 NY2d at 417 [“While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial”]).
Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional delays that transpire after readiness has been declared, when such delays are attributable to the People and are ineligible for any exclusions under the statute (see Cortes, 80 NY2d at 208).
The defendant was arraigned on the class B misdemeanor of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) on September 6, 2008. Pursuant to CPL 30.30 (1) (c) the People must be ready for trial within 60 days of commencement of a criminal action charging a defendant with a class B misdemeanor. Although a criminal action commences with the defendant when the accusatory instrument is filed, counting for speedy trial purposes starts the next day (see People v Stiles, 70 NY2d 765 [1987]).
The instant complaint alleges that the deponent police officer was informed by Police Officer Maximo Diaz that at about 5:22 p.m. on September 5, 2008 “at 547 West 144th Street” in New York County, Officer Diaz observed the defendant “holding two bags of marihuana in a public place and open to public view” and that Officer Diaz recovered the marihuana from defendant’s pants pocket. Although a field-test report confirming that the substance which Officer Diaz recovered from the defendant was positive for marihuana was filed and served at arraignment, a supporting deposition from Officer Diaz was not filed. Thus, the case was adjourned to November 10, 2008 for the People to file and serve a supporting deposition from Officer Diaz. Off calendar, on September 22, 2008, the People filed and served a supporting deposition from Officer Diaz with a certificate of *347 readiness stating that “the People are ready for trial in the above-entitled action.”
Defendant argues that the certificate of readiness filed in this case should be deemed “illusory” because conversion of the accusatory instrument to an information is “not the same as being ready for trial.” He contends that the “frequency and regularity” of this practice suggests “a misunderstanding of the law and of what is required to be ready for trial.” He asserts that, “at a minimum,” the prosecution must show that all of its witnesses were available to appear in court on the date on which the prosecution announced their trial readiness. Thus, he claims that the certificate of readiness in this case is invalid and failed to stop the speedy trial clock. Accordingly, calculating 65 days chargeable to the People, he asks that the case be dismissed pursuant to CPL 30.30 (1) (c). In response, the People argue that because their witness was available and they did all that was necessary to prepare the case for trial, they should only be charged with the days in between arraignment and the filing of the certificate of readiness.
For the People to be “ready for trial” under CPL 30.30, they must meet two requirements. First, they must communicate their readiness either on the record in open court, or by a written notice simultaneously sent to defense counsel and filed with the court clerk (see People v Kendzia, 64 NY2d 331, 337 [1985]). Second, the People must declare their readiness only when they are, in fact, presently ready to proceed to trial (id.). A statement of readiness for a hearing or a statement of future readiness will not satisfy their obligation under the statute (see People v Chavis, 91 NY2d 500, 505 [1998]). Neither will an affirmation that they were ready at some point in the past suffice (see People v Hamilton, 46 NY2d 932 [1979]).
Trial readiness means that “the People have done all that is required of them to bring the case to a point where it may be tried” (People v England, 84 NY2d 1, 4 [1994]). Trial readiness is established when “the People have a valid accusatory instrument upon which the defendant may be brought to trial, where the People have complied with their obligation to produce for trial a defendant in their custody, and where the People have complied with all pending proceedings required to be decided before trial can commence” (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [citations omitted]). Thus, where the People possess a valid accusatory instrument and have produced the defendant, the People’s statement that they “have been in contact *348 with the victim” and that their “intentions are to go forward” sufficiently indicates their readiness for trial (see People v Wilson, 86 NY2d 753, 754 [1995]).
The People are not presently ready for trial where they fail to provide grand jury minutes necessary for resolution of a motion to dismiss (see People v McKenna, 76 NY2d 59, 64 [1990]) or where they fail to secure the presence of an incarcerated defendant (see People v Jones, 66 NY2d 529, 539-540 [1985]). “[R]eadiness is not defined simply by an empty declaration that the People are prepared to present their direct case” (People v England, 84 NY2d 1, 4 [1994]). Thus, in England, a notice of readiness filed and served with an indictment returned on the last day of the speedy trial period, although facially sufficient, was illusory. Since arraignment — “the process by which the court acquires jurisdiction over a defendant ... an elemental prerequisite to trial readiness” — within the statutory speedy trial period was impossible due to the People’s laxity in securing the indictment, the People’s notice of readiness was meaningless (see England, 84 NY2d at 4).
Nevertheless, actual readiness for trial does not require the prosecution to physically produce their witnesses each and every time they assert trial readiness, because “[a]side from its impracticality, such a requirement would be unduly burdensome and vexing to witnesses” (People v Robinson, 171 AD2d 475, 477 [1st Dept 1991]). Trial readiness does not mean that the People are able to instantaneously produce their witnesses at the very moment they assert readiness (see People v Dushain, 247 AD2d 234 [1st Dept 1998]; see also People v Camillo, 279 AD2d 326 [1st Dept 2001]). Nor does a subsequent request for adjournment necessarily invalidate an earlier, otherwise proper, statement of trial readiness (see People v Robinson, 171 AD2d at 476).
Once a prosecutor has made a good faith declaration of actual, present readiness, he or she is not required to “affirmatively prove that he [or she] is in fact ready for trial when he [or she] makes that announcement . . . the court is entitled to rely on the representations of a prosecutor” (People v Caussade, 162 AD2d 4, 12 [2d Dept 1990]). Indeed, the Court of Appeals has held that “the representation[s] of a prosecutor, as an officer of the court, ought generally to suffice to determine . . . threshold issuets]” (People v Poole, 48 NY2d 144, 149 [1979]).
In this case, the People filed and served a certificate of readiness off calendar at the same time that they filed a supporting *349 deposition necessary for conversion of the complaint to an information. A certificate of readiness, filed and served at the same time that a complaint is converted to a facially sufficient information pursuant to CPL 100.40, is a valid declaration of readiness since at that point, the People have no legal impediment to commencement of trial, and the court is entitled to rely on their representation of their actual readiness to proceed. When the People announce their readiness under such circumstances, they are under no obligation to prove their readiness by either producing their witnesses or specifically attesting to their availability (see People v Robinson, 171 AD2d at 475; People v Dushain, 247 AD2d at 234; People v Camillo, 279 AD2d at 326). A representation that the People are actually ready to proceed presupposes that the People’s witnesses are available in that, at a minimum, the witnesses’ location is known to the People and that, even if the witnesses are not cooperative with the prosecution outright, they are at least amenable to the service of court process (cf. People v Cole, 73 NY2d 957, 958 [1989] [People’s uncontested inability to produce the complainant in spite of their assertion of readiness required dismissal on speedy trial grounds]). Here, the defendant presents no facts whatsoever in support of his contention that the prosecution’s declaration of readiness was illusory (see People v Reynoso, 295 AD2d 156, 158 [1st Dept 2002] [“there is no evidence that the People’s statement of readiness was not made in good faith or was ‘illusory’ ”]) and is not entitled to a hearing on the basis of his factually unsupported challenge (see People v Gruden, 42 NY2d 214, 217 [1977] [“(generally hearings are not available merely for the asking”]).
Regardless, the certificate of readiness filed and served by the People in this case is invalid, not because the People failed to produce their witnesses or attest to their availability, but because the information is fatally defective.
The defendant is charged with a single count of criminal possession of marihuana in the fifth degree. A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses marihuana in a public place which is either burning or open to public view (Penal Law § 221.10 [1]). Under Penal Law § 240.00 (1), a “[p]ublic place” is defined as
“a place to which the public or a substantial group of persons has access, and includes but is not limited to highways, transportation facilities, schools, places *350 of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.”
The term “public place” is defined “very broadly” under this section (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.00, at 8). “That a member of the public may pass by is . . . the essence of a public place” (see People v McNamara, 78 NY2d 626, 633 [1991]).
Here the information fails to allege sufficient evidentiary facts to establish that the defendant possessed the marihuana in a public place as defined by the statute. The information alleges simply that the defendant possessed marihuana “at” a particular address. It does not identify the nature of the location; the information does not indicate, for example, whether the location is a business or a residence, such as an apartment house. Moreover, the complaint does not specify whether the defendant was observed to possess the marihuana inside or outside the location. While hallways and lobbies of apartment houses are public places, there are no facts from which to infer that the possession occurred in a hallway or lobby of an apartment house. Neither are there facts from which to infer that the possession occurred on the street. Because a “public place” includes both hallways and lobbies of apartment houses as well as streets, the assertion in the information that the defendant was observed to possess the marihuana “in a public place” is merely conclusory. Had the information stated that the defendant was observed to possess the marihuana “in front of’ the stated address, that would have sufficed to allow the reasonable inference that the defendant possessed the marihuana while situated on a public street at the specified location. In a facial sufficiency review, however, the court is confined to the four corners of the accusatory instrument and may not import additional evidentiary facts into the complaint and supporting deposition beyond what is alleged (see People v Thomas, 4 NY3d 143, 146 [2005]). Because the complaint fails to establish a prima facie case for the offense of criminal possession of marihuana in the fifth degree, it is insufficient on its face (see People v Alejandro, 70 NY2d 133 [1987]).
By statute, a defendant has the right to be prosecuted by information (People v Weinberg, 34 NY2d 429, 431 [1974]). The failure of an information to allege facts of an evidentiary character which support each and every element of the crime *351 charged is a nonwaivable jurisdictional defect (see People v Alejandro, 70 NY2d 133 [1987]).
Accordingly, because when the People filed and served the certificate of readiness in this case, there was a legal impediment to the commencement of trial in that the accusatory instrument was jurisdictionally defective, the People’s statement of readiness was illusory and did not toll the speedy trial time. As a result, 65 chargeable days have accrued to the People from arraignment on September 6, 2008 through the first adjournment date of November 10, 2008. The defendant’s motion to dismiss pursuant to CPL 30.30 (1) (c) therefore is granted. The defendant’s remaining motions are moot.