■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DESHAUN FULMER, Respondent. [929 NYS2d 897]—

Memorandum: The People appeal from an order granting defendant's motion to dismiss the first superseding indictment on statutory speedy trial grounds (*see* CPL 30.30 [1] [a]). We agree with the People that defendant's statutory speedy trial rights were not violated and thus that reversal is required. The People declared their readiness for trial within six months of the filing of the first accusatory instrument (*see* CPL 30.30 [1] [a]; *see generally People v Carter*, 91 NY2d 795, 798 [1998]). County Court granted defendant's motion to dismiss the first superseding indictment on the ground that the People were charged with periods of postreadiness delay when they failed to act for a period of at least three weeks in obtaining a second saliva sample from defendant for DNA testing upon realizing that the first sample had been erroneously destroyed. "[P]ostreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (*Carter*, 91 NY2d at 799). Here, the absence of the DNA sample did not implicate the People's ability to proceed to trial inasmuch as the People remained ready to proceed to trial even in the absence of the DNA test results (*see People v Wright*, 50 AD3d 429, 430 [2008], *lv denied* 10 NY3d 966 [2008]; *People v Bargerstock*, 192 AD2d 1058 [1993], *lv denied* 82 NY2d 751 [1993]). Present—Centra, J.P., Fahey, Sconiers, Green and Martoche, JJ.