■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DINARDO, Appellant. [942 NYS2d 352]—Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered July 19, 2010, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of 90 days, unanimously affirmed.

The accusatory instrument was not jurisdictionally defective. The misdemeanor complaint, which in this case was required to meet the standards that apply to an information, sufficiently alleged constructive possession of drugs. Giving the complaint "a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (*People v Davis*, 13 NY3d 17, 31 [2009]) that it alleged that defendant was in a hotel room where the arresting officer found drugs on a night table and in a dresser drawer. This supports an inference that that defendant was in constructive possession of the drugs (*see People v Reisman*, 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]; *People v Hyde*, 302 AD2d 101, 105 [2003], *lv denied* 99 NY2d 655 [2003]), even without any allegation concerning defendant's relationship to the hotel room. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.