OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered April 23, 2010, affirmed.
The underlying accusatory instruments sufficiently set forth the factual basis for the marihuana possession charges of which defendant ultimately was convicted. The factual portion of the initial misdemeanor information alleged, inter alia, that the arresting police officer, while “inside” a specified street address (1565 Park Avenue, in Manhattan), a location described as “a public place,” observed “a small plastic bag of marihuana fall to the ground”; that the officer recovered the bag “from the ground next to defendant”; that the officer believed the bag contained marihuana based upon several enumerated factors, including his prior training and experience in drug-related arrests and the substance’s odor; and that defendant’s conduct in “playing loud music and shouting . . . caused a crowd of at least ten (10) people to gather.” Giving the sworn police allegations “a fair and not overly restrictive or technical reading” *72 (People v Casey, 95 NY2d 354, 360 [2000]), and “drawing reasonable inferences from all the facts set forth in the accusatory instrument” (People v Jackson, 18 NY3d 738, 747 [2012]), we find the People’s pleading sufficient to establish reasonable cause to believe and a prima facie case that defendant constructively possessed the marihuana (see People v Dinardo, 94 AD3d 626 [2012], lv denied 19 NY3d 972 [2012]) and that the possession occurred in a “public place” (see Penal Law §§ 221.10 [1]; 240.00 [1]; see generally People v Jackson, 18 NY3d at 742-746). With respect to the latter element, allegations that the incident occurred “inside” a particular building location and that a “crowd” gathered in response to defendant’s actions supported an inference that the marihuana was found in a common area of the building, thus satisfying the “very broad[ ]” definition of the term “public place” here applicable (see William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.00 at 8 [2008 ed]; cf. People v Sherman, 24 Misc 3d 344 [2009]).
Defendant fares no better with respect to his challenge to the conviction of fifth-degree criminal possession of marihuana (see Penal Law § 221.10 [1]) on legal sufficiency and weight of the evidence grounds. There is no basis to disturb the trial court’s credibility determinations. The credible evidence establishes that defendant’s possession of the bagged marihuana in the public hallway outside his apartment constituted a “voluntary act,” a term defined to include “the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it” (Penal Law § 15.00 [2]). It is clear from the record that defendant could have terminated his knowing possession of the marihuana prior to issuance of the (lawful) police request that he step out into the hallway. Further, defendant’s argument notwithstanding, he remained in constructive possession of the marihuana when he dropped it to the ground and it became “open to public view” (Penal Law § 221.10 [1]).
Lowe, III, EJ., Shulman and Torres, JJ., concur.