The People of the State of New York, Respondent,
against
Demitrice Brown, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered February 28, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the fifth degree.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
The People charged defendant, in an information, with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), in that, on February 8, 2014, at about 3:35 p.m., police officers had observed defendant possess marihuana "inside of 15-02 Mott Avenue," in Queens County, which they described as "a public place open to public view," and that one of the officers had "recovered five ziplock bags of marihuana from the defendant's left jacket sleeve." Defendant pleaded guilty to the charge. On appeal, defendant contends that the accusatory instrument was facially insufficient. For the reasons that follow, we agree. 
A " valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Afilal, 26 NY3d 1050, 1051 [2015], quoting People v Case, 42 NY2d 98, 99 [1977]), the right to which is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]). As the record does not reveal that defendant waived prosecution by information (see People v Dumay, 23 NY3d 518, 522 [2014]), the standards of review of the sufficiency of the accusatory instrument are those applicable to informations (see CPL 100.40 [1]; 170.65 [1], [3]; People v Jackson, 18 NY3d 738, 741 [2012]; see also People v Kalin, 12 NY3d 225, 228 [2009]). The purpose of an information is to "ensure[] that a legally sufficient case can be made against the defendant" (Dumay, 23 NY3d at 522). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]), although by pleading guilty, defendant forfeited any challenge to hearsay defects in the information (People v Keizer, 100 NY2d 114, 121 [2003]; People v Kwas, 52 Misc 3d 52, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Even affording the instrument the required "fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find that the factual portion thereof fails to establish every element of the offense.
While the basis for the allegations establishing the "public place" and "open to public [*2]view" elements, the latter of which "is not defined either in Penal Law § 221.10 (1) or elsewhere" (Jackson, 18 NY3d at 746), "in most cases . . . can be discerned by drawing reasonable inferences from all the facts set forth in the accusatory instrument" (id. at 747), the facts must amount to more than "conclusory statements that do no more than track the language of Penal Law § 221.10 (1)" (Afilal, 26 NY3d at 1052).
The facts alleged herein are insufficient to support an inference that defendant was in a "public place" where his marihuana possession was "open to public view." We are not informed as to the nature of the premises identified only by the street address (see Afilal, 26 NY3d at 1052 [facts establishing "the public nature of defendant's location" are required]; e.g. People v Cruz, 52 Misc 3d 81 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Walters, 49 Misc 3d 134[A], 2015 NY Slip Op 51463[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Campbell, 41 Misc 3d 143[A], 2013 NY Slip Op 52057[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Wilson, 30 Misc 3d 138[A], 2011 NY Slip Op 50221[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
While the mere designation of an interior of a premises does not preclude "public place" status, since "hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence" are public places as defined in Penal Law § 240.00 (1) (see Penal Law § 221.10), there are no facts alleged to support an inference that 15-02 Mott Avenue is a public place or, if it is a premises in the nature of a dwelling containing public areas such as a hallway or lobby, that defendant was observed in a portion thereof that did not "constitute rooms or apartments designed for actual residence," and that his possession of the marihuana in that public place was open to public view (compare People v Oquendo, 39 Misc 3d 70, 71-72 [App Term, 1st Dept 2013] [observation of the defendant "inside" an identified street address, described as "a public place" in possession of marihuana, sufficient given the factual allegations that the defendant's conduct had "caused a crowd . . . to gather," which sufficed to plead that the possession occurred in "a common area of the building"], with People v Sherman, 24 Misc 3d 344, 350 [Crim Ct, NY County 2009] [allegation that the defendant possessed marihuana "at a particular address" insufficient because the accusatory instrument did not otherwise "identify the nature of the location . . . for example, whether the location is a business or residence, such as an apartment house . . . [and w]hile hallways and lobbies of apartment houses are public places, there are no facts from which to infer that the possession occurred in a hallway or lobby of an apartment house"]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: January 24, 2017