The People of the State of New York,
against
Jose Chalupa, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Tara A. Collins, J., at speedy trial motion; David J. Kirschner, J., at trial), rendered January 17, 2018, after a nonjury trial, convicting him of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment (Tara A. Collins, J., at speedy trial motion; David J. Kirschner, J., at trial), rendered January 17, 2018, affirmed.
Defendant's speedy trial motion was properly denied. Defendant did not meet his burden of demonstrating that the People's statement of readiness at arraignment, which is "presumed truthful and accurate," was illusory (People v Brown, 28 NY3d 392, 405 [2016]; see People v Sibblies, 22 NY3d 1174, 1180 [2014][Graffeo, J., concurring]). Actual readiness does not require that the People be able to produce the complaining witness, who was in another state on active military duty, instantaneously or on every adjourned date in order for a statement of readiness to be valid (see People v Wilson, 86 NY2d 753 [1995]; People v Dauphin, 112 AD3d 471, 472 [2013]; People v Camillo, 279 AD2d 326 [2001]; People v Dushain, 247 AD2d 234, 236 [1998], lv denied 91 NY2d 1007 [1998]). At all times, the complainant's whereabouts were ascertainable, the People never lost the ability to secure her attendance at trial on at most a few days notice, and she ultimately appeared and testified (see People v Dushain, 247 AD2d at 236; People v Robinson, 171 AD2d 475, 477 [1991], lv denied 78 NY2d 973 [1991]). Nor did defendant make any specific assertions raising factual disputes that would require a hearing (see People v Winston, 177 AD3d 524 [2019]; People v Rosa, 164 AD3d 1182 [2018], lv denied 32 NY3d 1114 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 29, 2020