People v Pratt (2020 NY Slip Op 04662)





People v Pratt


2020 NY Slip Op 04662


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


359 KA 19-01730

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
AUSTIN PRATT, DEFENDANT-RESPONDENT. 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR APPELLANT.
JEFFREY R. PARRY, FAYETTEVILLE, FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Onondaga County Court (Stephen J. Dougherty, J.), dated May 29, 2019. The order granted defendant's motion to dismiss the indictment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Onondaga County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment on statutory speedy trial grounds. Defendant was arrested on June 20, 2018, after his ex-girlfriend alleged that she had received an Instagram message that included photographs of defendant engaging in sexual acts with the ex-girlfriend's 10-year-old sister (victim). The victim confirmed that the photographs were of herself and defendant. On September 7, 2018, defendant was indicted on charges of predatory sexual assault against a child (Penal Law § 130.96); criminal sexual act in the first degree (§ 130.50 [3]); three counts each of use of a child in a sexual performance (§ 263.05), promoting a sexual performance by a child
(§ 263.15), and possessing a sexual performance by a child (§ 263.16); and two counts of endangering the welfare of a child (§ 260.10 [1]). On September 13, 2018, defendant was arraigned on the indictment and the People declared their readiness for trial.
Trial was scheduled to commence on May 7, 2019. On May 1, 2019, however, the People withdrew their statement of readiness for trial, stating that new evidence had been discovered that required further investigation because it might contain exculpatory information. Defendant thereafter moved to dismiss the indictment on speedy trial grounds, and County Court granted the motion. The court determined that the purported new evidence had been in the People's possession for the majority of the postreadiness period, and that the People's failure to properly inspect the evidence in their possession until the week before trial amounted to a lack of ordinary diligence. The court therefore held that the People's original statement of readiness was illusory, and the court charged the People with the entire postreadiness period. We reverse the order, deny the motion, and reinstate the indictment.
"Where, as here, a felony is included in an indictment, the People must be ready for trial within six months, after subtracting excludable time" (People v Barden, 27 NY3d 550, 553 [2016]; see CPL 30.30 [1] [a]). "The statutory period is calculated by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for
exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992]).
There are two elements to readiness for trial: (1) " a statement of readiness by the prosecutor in open court, . . . or a written notice of readiness' "; and (2) "the People must in fact be ready to proceed at the time they declare readiness" (People v Chavis, 91 NY2d 500, 505 [1998]; see People v Kendzia, 64 NY2d 331, 337 [1985]). "The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness" (Kendzia, 64 NY2d at 337). Thus, "[a] statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]).
There is no dispute that the People were chargeable with an 85-day delay prior to announcing their readiness for trial on September 13, 2018. The People contend only that the court erred in finding that the entirety of the postreadiness time period was chargeable to them. We agree with the People, and conclude that "the total delay that resulted was less than six months, and thus defendant's statutory right to a speedy trial was not violated" (People v Bastian, 83 AD3d 1468, 1470 [4th Dept 2011], lv denied 17 NY3d 813 [2011]).
Defendant failed to establish that the People were not ready for trial on September 13, 2018, and the People's subsequent withdrawal of their statement of readiness did not render their original statement illusory (see People v Smith, 66 AD3d 1223, 1224-1225 [3d Dept 2009], lv denied 14 NY3d 773 [2010]). Defendant acknowledged, at oral argument on the motion, that he was not aware of what evidence the People possessed at the time they announced readiness for trial, and he therefore could not say whether the People were actually ready at that time. "In the absence of proof that [a] readiness statement did not accurately reflect the People's position . . . , the People [have] discharged their duty under CPL 30.30" (People v Carter, 91 NY2d 795, 799 [1998]).
Furthermore, although defendant contends that the People had the relevant evidence in their possession in October 2018 and thus, as of that date, the People were not truly ready for trial and should be chargeable for any delay occurring thereafter, the record establishes that the People were prepared to proceed to trial until the week before trial, when the prosecutor discovered that there may be evidence that would be exculpatory. " [P]ostreadiness delay may be chargeable to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial' " (People v Fulmer, 87 AD3d 1385, 1385 [4th Dept 2011], lv denied 18 NY3d 994 [2012], quoting Carter, 91 NY2d at 799).
The record shows that the People were not aware until April 30, 2019 that mistakes by police detectives had incorrectly led them to conclude that they could not locate the user of the Instagram account that had been used to send the photographs of defendant engaging in sexual acts with the victim to defendant's ex-girlfriend. While we agree with the court that the People's late realization was entirely due to the People's failure to properly inspect the evidence within their possession, the time chargeable to the People is only the delay that is directly attributable to their inaction, and that which directly implicated their ability to proceed to trial (see Fulmer, 87 AD3d at 1385). Thus, the delay that is chargeable to the People due to their inaction with respect to the photographs is any additional time that they required to investigate the matter, which they could have previously investigated. Moreover, the People's need to further investigate the photographs did not render their prior statement of readiness illusory because the record shows that, at the time they announced their readiness, the People would have been able to establish a prima facie case and proceed at trial (see People v Hewitt, 144 AD3d 1607, 1607-1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Rouse, 4 AD3d 553, 556 [3d Dept 2004], lv denied 2 NY3d 805 [2004]).
Ultimately, because defendant moved to dismiss the indictment nine days after the People withdrew their statement of readiness, that time period is, at present, the only time that could have been chargeable to the People as a result of their request for an adjournment. Thus, we conclude that the court erred in granting the motion because the 94-day period of delay attributable to the People did not exceed six months and thereby did not violate defendant's right to a speedy trial (see Bastian, 83 AD3d at 1470).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court