People v Hill (2022 NY Slip Op 05626)

People v Hill

2022 NY Slip Op 05626

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

594 KA 21-01275

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
PATRICK A. HILL, DEFENDANT-RESPONDENT. 

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Jefferson County Court (David A. Renzi, J.), entered August 25, 2021. The order granted the motion of defendant to dismiss the superseding indictment. 
It is hereby ORDERED that the order so appealed from is reversed on the law, the motion is denied, the superseding indictment is reinstated, and the matter is remitted to Jefferson County Court for further proceedings on the superseding indictment.
Memorandum: The People appeal from an order that granted defendant's motion to dismiss the superseding indictment on speedy trial grounds. By indictment issued in March 2019, a grand jury charged defendant with a series of crimes, and on March 28, 2019, the People announced readiness thereon. The People, with leave of County Court, obtained a superseding indictment by presenting the matter to another grand jury in September 2019, and they announced readiness with respect to the superseding indictment on October 26, 2019. The People announced readiness on several additional occasions and the matter was placed on the trial calendar on several dates, although it was not the first case scheduled to be tried on any of those dates. The matter was then scheduled for trial on August 9, 2021, as the fourth case to be tried. In the week before that date, all three preceding cases were settled by pleas of guilty. Although at a pretrial conference on July 28, 2021 the People had again indicated that they were ready for trial, at a pretrial calendar call on August 4, 2021 the trial prosecutor indicated that, with the approval of the District Attorney, she had not contacted the witnesses for this trial because they expected the three preceding matters to be tried, and they did not wish to put the child victims through the emotional trauma of preparing for trial. The trial prosecutor further indicated that they had not subpoenaed or interviewed those witnesses on any of the earlier dates when the matter was scheduled for trial. Finally, the trial prosecutor stated that "we feel it is unfair for [the teenage victims] to be thrown into a jury trial with four days notice."
The court struck the matter from the trial calendar and indicated that it would entertain a speedy trial motion. Defendant moved the next day to dismiss the superseding indictment on statutory and constitutional speedy trial grounds. The court granted the motion and dismissed the superseding indictment on statutory speedy trial grounds. We reverse.
Initially, we note that defendant did not contend in his motion that any of the time prior to his arraignment on the superseding indictment should be chargeable to the People. Therefore, he failed to preserve any challenge to the People's readiness prior to October 26, 2019 (see People v Pellis, 159 AD3d 1347, 1348 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]). In any event, the court did not conclude that any time prior to that point was chargeable to the People.
Next, we note that the Governor's COVID-19 executive orders tolled the speedy trial time limits applicable to criminal proceedings from March 20, 2020 until October 4, 2020 (see People v Pagan, 75 Misc 3d 11, 12 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2022]). [*2]Thus, that time period is properly excluded from the time chargeable to the People.
Contrary to the People's contention, the exclusion in CPL 30.30 (4) (g) for "exceptional circumstances" does not apply. As we have previously stated, an "analysis of cases where 'exceptional circumstances' have been found reveals two common factors: (1) that the delay was due to circumstances beyond the control of the District Attorney's office; and (2) that it prevented the prosecution from being ready for trial" (People v LaBounty, 104 AD2d 202, 204 [4th Dept 1984]; see generally People v Barnett, 158 AD3d 1279, 1280-1281 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]). Here, the determination not to prepare the victims to testify at trial was solely within the control of the District Attorney's Office. Thus, the time after August 4, 2021, when the People indicated that they were not prepared to try the case, is chargeable to them.
Nevertheless, with respect to the time between October 26, 2019 and August 4, 2021, the court concluded that the People's statements of readiness during that period were illusory because they had not subpoenaed their witnesses for the earlier trial dates. That was error.
"The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for exclusion' " (Barnett, 158 AD3d at 1280, quoting People v Cortes, 80 NY2d 201, 208 [1992]). There are two elements to readiness for trial, i.e., (1)
" 'a statement of readiness by the prosecutor in open court, . . . or a written notice of readiness' "; and (2) "the People must in fact be ready to proceed at the time they declare readiness" (People v Chavis, 91 NY2d 500, 505 [1998]; see People v Kendzia, 64 NY2d 331, 337 [1985]), thus "[a] statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). Where, as here, the People declare readiness but then withdraw that declaration, the defendant "bears the ultimate burden of demonstrating, based on the People's proffered reasons and other relevant circumstances, that the prior statement of readiness was illusory" (People v Brown, 28 NY3d 392, 400 [2016]).
We conclude that the court erred in determining that defendant met that burden. Prior to August 4, 2021, no adjournment was caused by the People's failure to have their witnesses ready for trial. Rather, the matter was adjourned on those occasions due to other, older matters proceeding to trial before this case was reached. "The People are not required to contact their witnesses on every adjourned date . . . , nor do they have to be able to produce their witnesses instantaneously in order for a statement of readiness to be valid" (People v Camillo, 279 AD2d 326, 326 [1st Dept 2001]; see People v Robinson, 171 AD2d 475, 476-478 [1st Dept 1991], lv denied 78 NY2d 973 [1991]). To the contrary, " '[p]ostreadiness delay may be charge[able] to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial' " (People v Fulmer, 87 AD3d 1385, 1385 [4th Dept 2011], lv denied 18 NY3d 994 [2012], quoting People v Carter, 91 NY2d 795, 799 [1998]; see People v Pratt, 186 AD3d 1055, 1057 [4th Dept 2020], lv denied 36 NY3d 975 [2020]). Here, although the time after the People withdrew their statement of readiness was properly charged to them, there was no prior delay attributable to the People's inaction. Consequently, the prior statements of readiness were not illusory (see generally People v Rice, 172 AD3d 1616, 1618-1619 [3d Dept 2019]).
Finally, we admonish the prosecutor that she must obey an order of the court to have a case ready for trial. Regardless of the prosecutor's feelings concerning the order scheduling the trial for August 9, 2021 or its possible impact on the witnesses, it was a valid order of the court, and with certain exceptions that are not relevant here, "a court order must be obeyed" (People v Williamson, 136 AD2d 497, 497 [1st Dept 1988]; see generally Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]).
All concur except NeMoyer, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent because, in my view, County Court properly determined that the People's statement of readiness was illusory and thus the order dismissing the superseding indictment should be affirmed. Delay is attributable to the People "when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (People v [*3]Carter, 91 NY2d 795, 799 [1998]). Here, the People were admittedly unable to proceed to trial due to their own failure to fully prepare their witnesses, and thus the People's own inaction rendered them unready when the trial was ultimately scheduled. Although I agree with the majority that the People are not required to contact their witnesses on every adjourned date and do not have to be able to produce their witnesses instantaneously in order for a statement of readiness to be valid (see People v Camillo, 279 AD2d 326, 326 [1st Dept 2001]), this is not a case where a previously ready witness later became unavailable or could not be located for reasons beyond the People's control. Instead, on the day they declared that they were ready for trial, the People knew they had not fully prepared their witnesses, they did not remedy that deficiency before thereafter declaring that they were unready, and, according to the People, they lacked the time or ability to satisfactorily prepare their witnesses once the trial was scheduled. Under these circumstances, although the People were not required to constantly contact their witnesses so as to keep the witnesses ready for trial, here the People, by their choice, never fully prepared their witnesses for trial and thus, by their own admission, were never actually ready to proceed on any day before declaring that they were unready.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court