People v Hicks (2025 NY Slip Op 50472(U))

[*1]

People v Hicks (Jason)

2025 NY Slip Op 50472(U) [85 Misc 3d 133(A)]

Decided on April 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570694/18

 The People of the State of New
York, Respondent,
against
Jason Hicks,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Steven M. Statsinger, J.), rendered June 1, 2018, convicting him,
upon his plea of guilty, of criminal possession of a controlled substance in the seventh
degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered June 1, 2018,
affirmed.
In view of defendant's knowing waiver of the right to prosecution by information,
the accusatory instrument only had to satisfy the reasonable cause requirement of a
misdemeanor complaint (see
People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory
instrument charging seventh-degree criminal possession of a controlled substance
(see Penal Law § 220.03) was jurisdictionally valid. Defendant's
constructive possession of the crack cocaine was established by sworn police allegations
that defendant was observed "drop[ping] several ziplock bags of crack cocaine to the
ground" and that another police officer "t[ook] thirty ziplock bags of crack cocaine from
the location where the defendant had been standing" (see People v Reisman, 29
NY2d 278, 285—286 [1971], cert denied 405 US 1041 [1972]; People v Dinardo, 94 AD3d
626 [2012], lv denied 19 NY3d 972 [2012]; People v Oquendo, 39 Misc 3d
70 [App Term, 1st Dept 2013], lv denied 21 NY3d 1076 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 11, 2025