People v Herring (2026 NY Slip Op 01288)

People v Herring

2026 NY Slip Op 01288

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Ind No. 00952/21|Appeal No. 6008|Case No. 2023-03178|

[*1]The People of the State of New York, Respondent,
vCarlyle Herring, Defendant-Appellant.

Law Office of Lawrence P. LaBrew, New York (Lawrence P. LaBrew of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered May 18, 2023, as amended May 19, 2023, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted assault in the first degree, two counts of criminal possession of a weapon in the second degree, and two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 14 years, unanimously affirmed.
Defendant's CPL 30.30 motion was properly denied. All but eight of the days that defendant contends were chargeable to the People were in the post-readiness period during which "delay may be charged to the People only where and to the extent a delay is actually caused by them" (People v Dushain, 239 AD2d 151, 153 [1st Dept 1997], lv denied 91 NY2d 1007 [1998]). Under the appropriate standard, defendant falls far short of demonstrating the required six months of time chargeable to the People.
A non-eyewitness parole officer who was familiar with defendant based on close interaction, most notably an approximately 10-hour trip from South Carolina to Connecticut during which the two sat next to each other, satisfied the requirements for a lay identification witness set forth in People v Mosley (41 NY3d 640 [2024]).
The court providently exercised its discretion in denying defendant's motion for a missing witness charge regarding a friend of defendant's who witnessed the shooting and later implicated defendant. On this record, the friend was not available to the People and not under their control (see People v Gonzalez, 68 NY2d 424, 428-429 [1986]).
In any event, any error regarding the lay opinion or a failure to give a missing witness instruction was plainly harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court's request for clarification of an ambiguous jury note regarding the status of deliberations did not inadvertently "coerce the jury" merely because it inadvertently elicited a note in response that set forth the numerical division among the jurors (see Brasfield v United States, 272 US 448, 449 [1926]). Defendant's contention that the jury's first note on the issue unambiguously indicated that the jurors were deadlocked on all counts, which is the underlying premise of his argument on this matter, is not supported by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026